# E. Nelson Salling v. August Johnson and others.

*Appeal in chancery: Final order.*   The appeal in this case is dismissed because the order appointing a receiver in the cause, from which the appeal was taken, is not, as to the appellant at least, such a final order as authorizes an appeal; and the order is criticised as one that cannot be lawfully enforced, and that should be expunged as soon as possible, as made without proper consideration.

*Heard October 9.   Decided October 15.*

Appeal in Chancery from Manistee Circuit.

Motion to dismiss the appeal, on the ground that the order appealed from, is not a final one.

*S. W. Fowler*, for the motion.

*Ramsdell & Benedict*, contra.

CAMPBELL, J.

This is a motion to dismiss an appeal from an order appointing a receiver, on the ground that it is not final.

The order can only be understood by referring briefly to the nature of the controversy.

25 MICH.—62.

The complainant sets up, in his bill, the former existence and dissolution of a partnership with one J. A. Johnson, on which dissolution the goods and some other property were absolutely assigned, without condition, to J. A. Johnson; certain other assets divided between the partners; certain further assets to be collected for joint benefit; and Johnson was to pay debts, account for a share of the collections, and pay certain sums, not yet due, to Salling, and secure Salling by mortgage on real estate in which the firm had an equitable interest, and which Johnson was to take as part of his share on the dissolution.

J. A. Johnson is charged with having attempted to create fraudulent incumbrances against the real estate, so as to defeat Salling's security, and with having misapplied the assets, and not paid the debts. He is also charged with attempting, in various ways, to dispose of his own individual property, with intent to defraud creditors and said Salling.

August Johnson is made a defendant, as assignee, charged to be without consideration, of a chattel mortgage given to J. A. Johnson, for purchase money of a part of the goods which he obtained on the dissolution of the partnership, and on which it was not agreed Salling should have any security. This is the only pretext for making him a defendant.

The bill was filed on the 26th day of August, 1872, and on the same day, upon the bill alone, and without any notice. to any person whomsoever, and without any other papers or affidavits, the circuit judge made an order, appointing a particular person named in it, receiver, without any reference or showing in regard to him, or to his fitness, and directed J. A. Johnson, and his wife, Ellen Johnson, to turn over to the receiver, the real estate, all the assets which had ever belonged to the firm, and all of

Johnson's stock of goods, both old and new; and directed August Johnson to turn over to the receiver, the chattel mortgage transferred to him by J. A. Johnson, "to collect and hold the proceeds thereof, until the respective rights of the parties shall be determined."

In regard to the property transferred to the receiver from J. A. Johnson and wife, the order gives the receiver plenary power over it, and directs him to use the proceeds in payment of the debts of the old firm, *pro rata*.

It is claimed that, so far as the property of August Johnson is concerned, the order is provisional, and does not intend to make any final disposition of it, and therefore is not appealable, as to him.

If we conceived that such an order as the one before us could have any force whatever as against the appellant, we should feel compelled to scrutinize it with much care, to discover whether the very sweeping powers given to the receiver might not be so construed as to reach further than such provisional custody. But, regarding the order as one which it would be preposterous to imagine the circuit court would enforce, for any purpose, as against him, we feel less difficulty in construing this clause, as not final. And, a principal reason for dismissing the appeal is, that whatever may be the doubts as to its form, it cannot possibly be used for any but a temporary purpose, and cannot lawfully be enforced for that.

The proceeding is of such a character, that it would be improper to let it pass unnoticed. Apart from the extraordinary attempt, by a party not a judgment creditor, to obtain a hold on all of a debtor's assets, and to reach private property of the debtor which had been transferred to a stranger, the bill of complaint not even asking an injunction, or making out any case for a departure from the usual course of justice, an order is made, *ex parte*, and

without notice, on the very day the bill was filed, whereby a receiver is appointed. All the defendants are at once divested of control over their own property, on which it is not set up, or pretended, as regards appellant, that complainant has any lien whatever, without even giving them an opportunity to be heard, either as to the propriety of having any receiver, or, as to the fitness of the nominee, who is not named in the bill, or in any showing. It is not necessary to explain that such a proceeding is not within the judicial power of any one, and is a pure usurpation. The order cannot lawfully be enforced, and should be expunged, as soon as possible, as made without proper consideration. It goes very much further than the proceeding in *People v. Simonson, 10 Mich. R., 335,* where it was held a court could not punish a party for contempt in refusing to obey such a construction of an injunction as would have rendered it unlawful.

We do not think the appellant needs any remedy against the order. The appeal will be dismissed without costs.

The other Justices concurred.