In re LEVIN, KRONENBERG & CO.

In re AUTOMATIC SPRINKLER CO. OF AMERICA.

(Circuit Court of Appeals, Second Circuit. January 12, 1915.)

No. 92.

SALES ⬥477—CONDITIONAL SALES—WAIVER OF RESERVATION OF TITLE—ME-
CHANICS' LIENS.

An automatic sprinkler system was installed on the premises of L. &
Co., with a reservation of title by the sprinkler company. Thereafter the
sprinkler company filed mechanics' liens against the premises. L. & Co.
subsequently made an assignment for the benefit of creditors, which was
followed by the filing of an involuntary petition in bankruptcy. The bank-
rupt scheduled the sprinkler company as a general creditor, and its at-
torney by motion had the schedules corrected to include the sprinkler
company as a secured instead of a general creditor, because of the me-
chanics' liens. Held, that the sprinkler company lost its right to retake
the property, as the claim of title was inconsistent with the claim of a
lien, and the election of either remedy, if the sprinkler company had a
choice, would be final, and while it could not without the consent of the
bankrupt substitute a claim of lien for the claim of title, the bankrupt or
the assignee for the benefit of creditors could consent, and this was in
effect done.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1411–1417; Dec.
Dig. ⬥477.

What constitutes a contract of conditional sale, see note to Dunlop v.
Mercer, 86 C. C. A. 448.]

Petition to Revise and Appeal from Order of the District Court of
the United States for the Eastern District of New York.

H. T. Edwards, of New York City, for petitioner.

L. C. Norris, of Brooklyn, and M. S. Hyman, of New York City,
for respondents.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. June 2, 1913, Levin, Kronenberg & Co., a
corporation, carrying on the business of lumber and wood working in
Brooklyn, entered into a written contract with the Automatic Sprink-
ler Company of America whereby the latter agreed to install in its
premises an automatic sprinkler system as a protection against fire.
The system included pipes, fittings, valves, sprinkler heads, a fire pump,
and an air compressor, all of which could be removed without sub-
stantial injury to themselves or to the premises. The contract was
one of conditional sale, providing that the title to the equipment should
remain in the sprinkler company until paid for in full, but was not
filed by the sprinkler company in accordance with the provisions of
section 62 of the Personal Property Law.

November 1, 1913, the installation of the system was completed.
November 23d Levin, Kronenberg & Co. mortgaged the premises for
$25,000 to the Title Guarantee & Trust Company, which subsequently
assigned the mortgage to the Newburg Savings Bank. December 29,

1913, and January 26, 1914, within 90 days from completion of the work, as required by law, the sprinkler company filed mechanics' liens against the premises, for the balance due on the equipment contract, in the Kings county clerk's office. January 12, 1914, Levin, Kronenberg & Co. made an assignment for the benefit of creditors, and an involuntary petition in bankruptcy was filed against Levin, Kronenberg & Co. thereafter on the same day.

April 1, 1914, the sprinkler company filed a petition, asking that the alleged bankrupt and its assignee for benefit of creditors be required to turn over to the petitioner the equipment covered by the contract of conditional sale. April 30, 1914, the special commissioner to whom the petition was referred reported that the sprinkler company was not entitled to remove the equipment as against the mortgagee, both because the contract was not filed in accordance with section 62 of the Personal Property Law and because it had elected to file mechanics' liens against the premises for the balance due under the contract, which was inconsistent with any claim of title to the equipment. May 27th, upon a further hearing, the special master reported that the schedules filed by the alleged bankrupt should be corrected so as to include the sprinkler company as a secured instead of a general creditor, because it had filed mechanics' liens. June 15, 1914, both these reports were confirmed by Judge Veeder, and it is these orders from which the sprinkler company appeals and which it seeks to revise.

It will not be necessary for us to consider the effect of the sprinkler company's failure to file the contract under section 62 of the Personal Property Law or the effect of the decision in Central Union Gas Company v. Browning, 210 N. Y. 10, 103 N. E. 822, both of which points have been argued by the parties at length, as we shall affirm the orders because of the filing of the liens.

The sprinkler company's claim of reclamation is entirely inconsistent with its claim of a mechanic's lien upon the premises. The former of necessity implies title to the fixtures in it, whereas the latter equally implies title to them in Levin, Kronenberg & Co. If the sprinkler company had a choice between these remedies, the election of either would be final. But it could not, without the consent of Levin, Kronenberg & Co., substitute for the claim of title vested in it by the contract of conditional sale a claim of a lien against the premises. If it filed a lien without such consent, it would be making a mistake of law, which would not prevent it from subsequently making a claim of reclamation. Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828. This on the ground that it really had no election at all.

But, of course, the alleged bankrupt or its assignee for benefit of creditors could consent that the sprinkler company should have a mechanic's lien instead of its claim of title, and this was what was actually done. The sprinkler company proved no claim in bankruptcy, but the alleged bankrupt included the company in its schedules as a general creditor for the unpaid balance on the contract. Subsequently its attorney moved that this liability be stricken from the schedules and that the sprinkler company be included as a creditor secured by a mechanic's lien, which was done. Accordingly, the situ-

ation of the sprinkler company is that of a mechanic's lien creditor, and its right of reclamation is gone. Kirk v Crystal, 8 App. Div. 32, 103 N. Y. Supp. 17; Id., 193 N. Y. 622, 86 N. E. 1126.

The orders are affirmed.