## GRAND RAPIDS TRUST CO. v. AMERICAN WOOD WORKING MACHINERY CO.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1925.)

No. 4132.

Sales ⬦477(4)—Waiver by seller of title under conditional sale contract, by filing claim.

A seller under a conditional sale contract, by filing his claim for the purchase price with a receiver for the purchaser, waives its retained title and makes the sale absolute, and his claim is that of an unsecured contract creditor.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Creditors' suit against William Horner. The Grand Rapids Trust Company, receiver, appeals from an order allowing the claim of the American Wood Working Machinery Company as a preferred claim. Reversed and remanded.

The appellant, the Grand Rapids Trust Company, was appointed receiver in a suit brought by a creditor against William Horner, praying among other things for the appointment of a receiver of Horner's property, and a distribution of the proceeds among his creditors. An order was entered referring the cause to a master in chancery. The American Wood Working Machinery Company filed its claim with the master for the sum of $21,395.36, based upon notes, protested checks, and open account. It is stated in the proof of claim that claimant has not had

or received any manner of security for this debt, except five conditional sale contracts, copies of which are attached to the proof of claim and upon which contracts preference is claimed.

The receiver filed a general objection to the allowance of the claim on the ground that the debt of Horner to the claimant amounted in the aggregate to about $20,688.-53, instead of the amount claimed, and denied that the claim was entitled to preference and that claimant had valid security therefor. Upon the hearing before the master, it was agreed by the parties that Horner had entered into the written contracts of January 22, October 1, November 26, and December 4, 1919, and September 22, 1920, copies of which were attached to the proof of claim; that none of these contracts, nor copies thereof, were recorded or filed for record in Michigan; that Horner paid a part of the purchase price in cash and executed notes for the balance, which notes had been renewed from time to time; that claimant then held the notes, copies of which were attached to the proof of claim; that the balance due as of the date of December 31, 1921, on the contracts and notes was $18,321.46 and upon open account $3,073.90. It was further agreed that the amount of the open account should be allowed as an ordinary claim. The master held these contracts were conditional sales contracts and not chattel mortgages and allowed the amount due on the contracts and notes of $18,321.46 as a preferred claim. Later he modified this order by deducting therefrom the amount of $2,952 on the contract dated September 22, 1920, and allowed the same as an unpreferred claim. This later contract differed from the others in that it specifically provided: "It is also agreed that any default in any payment immediately matures all payments outstanding under this contract and in case of such default the American Wood Working Machinery Company shall have the right with or without legal process to take possession of the said machinery." Both parties filed exceptions to the master's report. The District Court entered a final order overruling the exceptions of the receiver and modifying the master's special report by allowing a further preference for the amount due on the contract of September 22, 1920. From this order and decree the receiver appealed.

Stuart E. Knappen, of Grand Rapids, Mich. (Knappen, Uhl & Bryant, of Grand Rapids, Mich., on the brief), for appellant.

Fred Benson Haring, of Buffalo, N. Y. (Fred Benson Haring and Hiram H. Bacon, both of Buffalo, N. Y., on the brief), for appellee.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). It is insisted upon the part of the receiver that the contracts attached to claimant's proof of claim are in legal effect chattel mortgages; that even if these contracts are conditional sale contracts, the claimant has elected to transfer title to the estate of defendant, retaining no title or security for its claim; and that the claim is not entitled to preference under any construction.

In the opinion of this court it is wholly unnecessary to consider and determine whether these contracts are conditional sales contracts or chattel mortgages. If they are chattel mortgages, they are void as against creditors because not filed as required by the law of the state of Michigan (Compiled Statutes of Michigan 1915, § 11988). If they are conditional sales contracts, the claimant had the right to retake the property after default or to sue upon the contract for the unpaid purchase price. In neither case is it entitled to a preferred lien on all the vendee's property. If it exercised its right to retake the property, the vendee cannot be held personally liable for the balance of the unpaid purchase price. If it sues for the balance of the unpaid purchase price, it waives the reservation of title in the conditional sales contract and makes the sale absolute. Button v. Trader, 75 Mich. 295, 42 N. W. 834; Owen & Co. v. Keller, 206 Mich. 555, 173 N. W. 343; Young v. Phillips, 203 Mich. 566, 169 N. W. 822.

This question has been fully considered and determined by this court in Re Ames, 289 F. 208, in which it was held that a suit for the purchase price is inconsistent with the reservation of the title, and that the bringing of such suit, or at the latest the taking of judgment, will be a waiver of the title reservation and operate as a transfer of the title.

In the instant case the claimant did not exercise its right to retake this property, but, on the contrary, asked that the balance of the purchase price be allowed by the receiver as a valid claim against the estate. If, under these contracts, it was the owner of the property, then it had no such claim against the receiver. If it was not the own-

er, then the conditional sales contracts were not security for the debt and would not entitle the claimant to a preference. The allowance of a preference would do even more than to give effect to these conditional sales contracts, if they are such, as chattel mortgages, and if chattel mortgages, they are void under the Michigan statute.

It is insisted upon the part of claimant that it waived none of its rights under the pure conditional sales contract by filing its claim with the receiver, for the reason that it was invited by the receiver to present its claim on a form furnished by him; that the claim as presented fully advised receiver and the court that the claimant was the owner of the machinery and that it attached copies of the contracts to the claim. It is further claimed that the action is in equity, and the court being fully advised in the premises should grant the claimant such equitable relief as would fully protect its rights under these contracts. In reply to this, it is sufficient to say that it was for the claimant and not the receiver to elect its remedy, and that a court of equity cannot grant a preference where, under the admitted facts and the law, the claimant is not entitled thereto.

For the reasons stated, the decree of the District Court is reversed, and the cause remanded for further proceedings in accordance with this opinion.