## GENERAL FIRE EXTINGUISHER CO. et al. v. EQUITABLE TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Sixth Circuit. March 7, 1927.)

No. 4632.

1. Sales ⬤477(4)—Conditional sellers of automatic sprinkler systems, by perfecting mechanics' liens, made irrevocable election, precluding subsequent claims under state conditional sales law (equity rule 66).

Where conditional sellers of automatic sprinkler systems, with express privilege of changing conditional sale contract to an absolute sale, after filing of creditors' suit against purchaser and appointment of receiver, filed mechanic's lien claims and took no appeal from findings of master as to status of such claims, such conduct constituted an irrevocable election, which precluded sellers from subsequently perfecting claims under state conditional sales law, in view of equity rule 66.

2. Sales ⬤477(4)—Materialman's lien remedy is inconsistent with claim for same apparatus under conditional sales contract.

Materialman's lien remedy of seller of automatic sprinkler systems is inconsistent with a claim by seller to such apparatus under a conditional sales contract.

3. Sales ⬤477(4)—Conditional sales contract provision declaring seller's remedies cumulative held not to give right to repudiate election of remedy by mechanic's lien.

Where conditional sales contract covering automatic sprinkler systems gave seller privilege at any time of changing conditional sale to an absolute sale, and provided "all remedies of the [seller] hereunder are cumulative and not exclusive," held, such quoted provision did not entitle seller, after making clear election to claim materialman's lien, to repudiate it and assert inconsistent claim under conditional sales contract.

Appeal from the District Court of the United States for the Southern District of Ohio; Hough, Judge.

Mortgage foreclosure suit by the Equitable Trust Company of New York, consolidated with a creditors' bill against a paper manufacturing company. From a judgment fixing the status of claims of the General Fire Extinguisher Company and another, and refusing to order receiver to surrender possession of apparatus to claimants, they appeal. Affirmed.

Cecil J. Randall, of Columbus, Ohio (Huston & Hooper, of Steubenville, Ohio, on the brief), for appellants.

Fred C. Rector, of Columbus, Ohio (Wilson & Rector, of Columbus, Ohio, on the brief), for appellees.

Before DENISON and MOORMAN, Circuit Judges, and KILLITS, District Judge.

KILLITS, District Judge. In May, 1919, a paper manufacturing company made to the appellee, the Equitable Trust Company of New York, as trustee, its mortgage and deed of trust, with an after-acquired property clause, securing the payment of certain first mortgage bonds. The instrument was duly filed, both as a real estate and chattel mortgage. A short time thereafter the appellants severally entered into contracts with the paper company for the extension of existing automatic sprinkler systems. Each contract contained the usual conditional sale clause. It was also provided in each that the vendor, however, was privileged at any time to change the conditional sale to an absolute sale, and thereupon to pursue any statutory or other remedy applicable to the situation. Later other mortgages were placed upon the paper company's properties.

Subsequent to the foregoing transactions, a creditor's bill was filed against the paper company in the District Court, upon which, with the consent of the defendant, a receiver was appointed. Shortly thereafter, and in March, 1921, each of the appellants filed with the recorder of the proper county affidavits for mechanics' liens on the property of the paper manufacturing company, based upon the contracts of sale of the materials for the extension of the respective sprinkler systems above referred to.

In March, 1922, a special master commissioner was named and empowered to hear and determine the questions of existence, validity, extent, and priority of all claims presented to the receiver and submitted by him, or which might be presented to the master by other persons, companies or corporations claiming to be creditors of the paper company. The master was directed to report his findings and conclusions of fact and law for the consideration of the court.

The appellants each filed with the special master claims based solely upon their respective mechanics' liens, and each appeared before the special master and offered proof of its lien claims. The special master found that the appellants were, severally, entitled to liens for the full amount of their respective contract claims; but that these liens were subject to the prior mortgage liens of the appellee, the Equitable Trust Company of New York, as trustee, and to certain other mortgages. His report was filed May 31, 1923. To it neither of the appellants excepted in any way. More than a year thereafter the Equitable Trust Company, as trustee, commenced an action in foreclosure in the same court, whereupon a consolidation was had of the two causes.

Following the commencement of the second proceeding, and in January, 1925, each of the appellants caused to be verified and filed with the county recorder of the proper county the contracts of sale in question, in an attempt to perfect conditional sale liens under the law of Ohio, and thereupon each of the appellants filed answers and cross-petitions to the complaint of the Equitable Trust Company, setting forth their respective claims as secured by conditional sale liens, praying for the repossession of the apparatus described in the several contracts.

In the consolidated case a special master was also appointed, who reported, among other things, that that part of the sprinkler system which was involved in the several conditional sales contracts might be considered to be chattel property, but that, quoting from the record, "whether their nature has been changed from chattels to fixtures by any action of the Grinnell Company and the Fire Extinguisher Company is a question to be determined by the court and is not within the province of your special master."

In decreeing foreclosure, the court held that the liens of the Equitable Trust Company of New York and of a certain second mortgagee were superior to the rights of the appellants, General Fire Extinguisher Company and the Grinnell Company, as set forth in their several answers and cross-petitions, and refused to order the receiver to surrender possession of the apparatus to the several appellants as demanded therein. From this situation came the appeal before the court.

[1] We must hold that the rights of the appellants and the status of their respective claims were fixed by the taking of mechanics' liens in 1921, followed by the prosecution of these claims as protected by mechanics' liens before the first special master. By reason of the failure of appellants to except to that master's report, the findings became established under equity rule 66. It was not until nearly two years had elapsed from the filing of this report, and, indeed, four years after appellants had severally asserted materialmen's liens upon the property, that they sought upon the same claims the privileges of the Ohio conditional sales law.

[2] Under the circumstances, the action of appellants, in taking mechanics' liens in 1921, followed by an assertion of such liens before the special master, and by acceptance of his findings of the establishment of such liens,

worked an irrevocable election by appellants to abandon rights under the conditional sales law. Van Winkle v. Crowell, 146 U. S. 42, 51, 13 S. Ct. 18, 36 L. Ed. 880; Fire Protection Co. v. Hawkeye Tire & Rubber Co. (C. C. A.) 8 F. (2d) 810, 813, 45 A. L. R. 180. This, we think, was not, as claimed, "but an assertion of an additional remedy consistent with the terms of conditional sales contract," for a remedy through the assertion of a materialman's lien is inconsistent with a claim to the same materials through a conditional sale contract. Appellants, neither by law nor by the terms of their contract, could, generally, enjoy both as concurrent rights, and an election to pursue one, followed by effective steps to establish it, necessarily worked an abandonment of the other.

This case is easily distinguishable upon the facts from Bierce v. Hutchins, 205 U. S. 340, 347, 27 S. Ct. 524, 525 (51 L. Ed. 828). There the holding was simply that "the assertion of a lien by one who has title, so long as it is only an assertion and nothing more, is merely a mistake. It does not purport to be a choice, and it cannot be one because the party has no right to choose." This language accords with the facts as they existed in that case. There the vendor company, holding a conditional sale contract, had indeed asserted a materialman's lien, and had actually brought an action to enforce it; but this action was dismissed without anything having been done under it, and the vendor subsequently undertook to rely upon its assertion of title. The court points out the inability of the vendor in that case to force title upon the vendee, a party to a conditional sale contract, without the latter's consent. Here, however, the appellants not only asserted a merchanic's lien, but established it by active proceedings before the master.

Again, it cannot be said that in the instant case the vendee could not have been compelled to accept title, for the paper company had actually stipulated to do that very thing, if that were the election of the vendor. The contracts have almost identical provisions, differing only in a very slight degree in phraseology. We quote from that of the General Fire Extinguisher Company: "This [vendor] company, however, being privileged at any time to change this conditional sale to an absolute sale, and thereupon to pursue any statutory or other remedies in such case made and provided." Action, to a finding, under this privilege, we think, worked an effective election, and made it impossible for appellants to take any position subsequently inconsistent therewith. In re Levin, Kronenberg & Co. (C. C. A.) 220 F. 451, 452; Fire Protection Co. v. Hawkeye Tire & Rubber Co., supra; Robb v. Vos, 115 U. S. 13, 42, 15 S. Ct. 4, 39 L. Ed. 52; Van Winkle v. Crowell, supra; Grand Rapids Trust Co. v. American Woodworking Machinery Co. (C. C. A.) 5 F. (2d) 812.

[3] It is true that in the Grinnell contract appears this provision, not in the other: "All remedies of the company hereunder are cumulative and not exclusive." But, whatever this may be rightfully held to mean, it cannot avail to allow the Grinnell Company to repudiate a clear election of a right provided by the contract and which, as in this case, had been followed and prosecuted to an establishment of its claims thereunder, that it might pursue an inconsistent course. Peters v. Bain, 133 U. S. 670, 695, 10 S. Ct. 354, 33 L. Ed. 696. Here the first special master found that the Grinnell Company's materialmen's lien was inferior, not only to the equitable instrument, but to later mortgage liens, and so the court found in the foreclosure decree.

While the decree appealed from superficially deals with the issues as raised by the answers and cross-petitions of the appellants, still, through the consolidation of the two cases, there was before the court for disposition the finding of the first special master, and, under the circumstances, the decree reads as well upon the situation there depicted as upon the record subsequently made, and it is responsive to both situations. Had the court found for appellants, it must of necessity have set aside and vacated the report of the first special master. Other questions argued need no discussion, the rights of the parties hereto having been fully concluded by the foregoing consideration.

Judgment affirmed.