*In re* PETITION FOR DISSOLUTION OF PARKSTONE APARTMENT CO.

1. SALES—CONDITIONAL SALES AGREEMENT DEFINED.

A conditional sale is an agreement for the sale of a chattel, in which the vendee undertakes to pay the price, and possession of the chattel is immediately given to the vendee, but the title to the same is retained by the vendor until the purchase price is paid, when it passes to the vendee; and in case of default the vendor has the right of reclamation or the alternative of passing title by suit for the purchase price.

2. SAME — CHATTEL MORTGAGE INCONSISTENT WITH CONDITIONAL SALE.

A conditional sale and a chattel mortgage are inconsistent with one another, since the title cannot be retained and passed at the same time.

3. SAME — CONDITIONAL SALE AND CHATTEL MORTGAGE DISTINGUISHED.

A conditional sale exists only where the title remains in the vendor, and a chattel mortgage exists only when the title has passed and the vendee has given the chattel mort-

---

As to what amounts to a conditional sale, see annotation in 17 A. L. R. 1421; 43 A. L. R. 1247.

gage or lien upon his title as security for the payment of the debt.

4. SAME—RECEIVERS—VENDORS ENTITLED TO RECLAIM THEIR PROPERTY ON DEFAULT OF VENDEE.

> Where furnishings and equipment were sold on conditional sales contracts to an apartment house company, which defaulted in payment, the vendors were entitled, on their petition, after the company was dissolved as a corporation and a receiver appointed, to reclaim their property.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted May 2, 1928.. (Docket No. 160, Calendar No. 33,711.)    Decided July 24, 1928.    Rehearing denied October 1, 1928.

Petition by William F. Malow and others for the dissolution of the Parkstone Apartment Company.    A decree was filed and entered dissolving the corporation and the Union Trust Company was appointed receiver: On petitions of the Netting Company, the Murphy Wall Bed Company, the Huebner Screen Door Company, and the J. E. Stephens Company for reclamation of goods sold on conditional sales contracts.    From an order granting the petitions, the Union Trust Company, receiver, appeals.    Affirmed.

*Freeman & Jordan*, for petitioner Netting Co.

*Joslyn, Joslyn & Joslyn*, for petitioner Murphy Wall Bed Co.

*Marlin J. W. Campbell* and *Joseph J. Geraci*, for petitioner J. E. Stephens Co.

*Milburn & Semmes*, for appellant.

POTTER, J.    The Union Trust Company is receiver for the Parkstone Apartment Company, a Michigan corporation.    Certain creditors commenced reclamation proceedings.    The Netting Company, for lighting fixtures and equipment, and for miscellaneous mer-

chandise; the Murphy Wall Bed Company for wall beds; the J. E. Stephens Company for kitchen equipment; the Detroit Canvas Company for awnings; the Huebner Screen Door Company for door and window screens; and the A. J. Marshall Company for dishes and dining room equipment.

All the contracts which constitute the basis of the several reclamation proceedings were in writing. The contract of the Netting Company provided for the execution and acceptance of promissory notes for the unpaid balance due on its contract without prejudice to any of the other contract rights set forth therein; that the giving of such promissory notes should not in any way or form legally affect the ownership or title or legal relation of the parties, being obviously and expressly given for the mutual accommodation and benefit of the parties. It also contained a clause that the property and the full title thereof should remain in the vendors until the full amount of the purchase price was paid, and that the contract should constitute a conditional sale contract. It further provided,—

* * * "If the undersigned shall make default in payment as above expressed, or any part thereof, or shall remove any of such property without your consent from the place or building to which same is delivered, placed or installed, then you shall have the right and privilege to retake or repossess yourself with said property wherever the same may be located, and all payments made by the undersigned thereon shall be forfeited to you as stipulated damages for the nonperformance of this contract."

An affidavit was attached to this instrument that the consideration was actual and adequate and that it was given in good faith for the purposes therein set forth.

The contract of the Huebner Screen Door Company provided:

"All materials furnished according to this contract remain the property of the first party until fully paid, for."

The contract of the Murphy Wall Bed Company provided:

"The undersigned also further agrees that the above beds, even though installed, are and shall remain the property of Murphy Wall Bed Company of Detroit, and subject to removal by them, without due process of law, any time before full payment has been acknowledged and a bill of sale given therefor."

The J. E. Stephens Company contract provided:

"It is agreed that title to the above described property remains in the seller until any notes or renewals thereof taken for the deferred payments are paid in full.  *  *  *  That in case of default in any of the payments of principal or interest, when due as above specified, and for ten days thereafter, the said first party shall thereupon forthwith have the right to declare this contract at an end, and to take immediate possession of said above described property, and in such case, the said property, as well as all payments of principal or interest which shall have been made hereon shall belong to and be retained by said first party as liquidated damages for nonperformance of this contract on the part of said second party and for use of and injury to said property."

The trial court made an order permitting the respective parties to reclaim their property, and the Union Trust Company, receiver, appealed. We think the decree of the trial court should be affirmed.

A conditional sale is an agreement for the sale of a chattel in which the vendee undertakes to pay the price, and possession of the chattel is immediately given to the vendee, but the title to the same is retained by the vendor until the purchase price is paid, when it passes to the vendee. *Young* v. *Phillips*, 203 Mich. 566. It gives possession of the chattel with the right to ownership upon payment of the agreed price, retain-

ing title in the seller with right of reclamation in case of default or the alternative of passing the title by suit for the purchase price. *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15.

A conditional sale and a chattel mortgage are inconsistent with one another. A conditional sale exists where the title remains in the vendor. A chattel mortgage may exist only when the title to the property has passed and the vendee has given the chattel mortgage or lien upon his title as security for the payment of the debt. Title cannot be retained and passed at the same time. *Thomas Spacing Machine Co.* v. *Security Trust Co.,* 223 Mich. 168; *Burroughs Adding Machine Co.* v. *Wieselberg, supra.*

In all of the contracts here involved the right of the vendor upon default in the payment by the vendee was to exercise its right to take the property, or at the option of the vendor to sue upon the contract and recover judgment for the purchase price. In none of these contracts did the vendor have the right to retake the property, sell the same, and sue and recover for a deficiency. We think all of the contracts evidenced conditional sales, and the taking of promissory notes as evidence of the payments did not constitute such conditional sales contracts chattel mortgages. *Federal Commercial & Savings Bank* v. *Machinery Co.,* 230 Mich. 33 (43 A. L. R. 1245); *Contractors Equipment Co.* v. *Reasoner,* 242 Mich. 589.

The decree of the trial court granting reclamation to the Netting Company, Murphy Wall Bed Company, Huebner Screen Door Company, and J. E. Stephens Company is affirmed, with costs to appellees.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred. MCDONALD, J., did not sit.