GRAND RAPIDS ELECTROTYPE CO. *v.* POWERS-TYSON CORPORATION.

CHATTEL MORTGAGES—CONDITIONAL SALES CONTRACTS—CONTRADICTORY PROVISIONS.

A contract for the sale of machinery, retaining title in the seller until paid for, and giving it the option of two remedies in case of default, one to repossess the property and credit payment made for use, wear, and tear, and the other to foreclose its vendor's lien by obtaining judgment and sale of the property, is by reason of the latter option a chattel mortgage, since title cannot be retained and passed at the same time, and, where unrecorded, is void as to creditors of the buyer.

Appeal from Kent; Dunham (Major L.), J. Submitted January 10, 1929. (Docket No. 58, Calendar No. 34,134.) Decided March 28, 1929. Rehearing denied June 20, 1929.

Bill by the Grand Rapids Electrotype Company against the Powers-Tyson Corporation for the appointment of a receiver and the sale of certain machinery. The Ostrander-Seymour Company intervened claiming title to said machinery. From an order dismissing the petition, intervener appeals. Affirmed.

*Gallagher, Shulman & Abrams,* for appellant.

*Corwin, Norcross & Cook,* for defendant.

Potter, J. The Grand Rapids Electrotype Company, a Michigan corporation, a general creditor of the Powers-Tyson Corporation, a Delaware corporation, filed a bill against the Powers-Tyson Corporation claiming a receiver should be appointed to manage the defendant's business, settle and collect its bills, and pay over the balance to defendant. The bill did not ask for a dissolution of the foreign corporation; did not claim plaintiff was a judgment creditor; and the proceedings for a receiver were not ancillary to any other suit against defendant. The defendant filed an answer consenting to a receiver, and the court appointed a receiver for the Powers-Tyson Corporation. The Ostrander-Seymour Company intervened and sought to recover machinery held by the receiver of the Powers-Tyson Corporation, of which intervener claimed title. The receiver contends intervener is not entitled to recover because though there is a clause in the contract purporting to retain title in the Ostrander-Seymour Company, the instrument is a chattel mortgage, and, not having been filed in accordance with the statute, is voidable, and the Ostrander-Seymour Company is only a general creditor.

1. In *People, ex rel. Port Huron, etc., R. Co.,* v. *St. Clair Circuit Judge,* 31 Mich. 456, it is said:

"The directors or other board of management of a corporation having general authority to manage its concerns, are vested by law with the only discretionary power that can exist in any one to carry on the corporate business; and such management cannot be assumed by a court of chancery, or vested in a receiver; neither can it be taken from the board, except under proceedings instituted to wind up the corporation under the statutes. 2 Comp. Laws 1871, chaps. 206 and 207.

"The appointment, *ex parte,* of a receiver to manage the corporate business, and the granting of an injunction in like manner on an interlocutory *ex parte* application, whereby the control of the business is taken from the directors, are more than irregular, and are absolutely void, as entirely beyond the power of the court; and are such an abuse as may be required to be corrected by *mandamus.*

"The nullity of such attempts to divest rights by interlocutory and *ex parte* orders was somewhat considered in *People* v. *Simonson,* 10 Mich. 335, and *Salling* v. *Johnson,* 25 Mich. 489. See, also, *Barry* v. *Briggs,* 22 Mich. 201."

The bill of complaint conferred no jurisdiction on the court to appoint a receiver.

Many cases from other jurisdictions are cited to show the consent of the Powers-Tyson Corporation was effective to confer jurisdiction on the court to appoint a receiver. If the facts set forth in the bill of complaint do not confer jurisdiction on the court to appoint a receiver, defendant's consent does not confer it. A court is something more than an arbitrator chosen by agreement of the parties. It can act judicially only when it has jurisdiction of the

subject-matter of the controversy; otherwise it acts prejudicially. Jurisdiction of the subject-matter cannot be given by consent, especially where the law has withheld it. *Allen* v. *Carpenter,* 15 Mich. 25; *Kirkwood* v. *Hoxie,* 95 Mich. 62 (35 Am. St. Rep. 549).; *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87; *Hull* v. *Hull,* 149 Mich. 500; *Bradfield* v. *Bradfield,* 154 Mich. 115 (129 Am. St. Rep. 468); *Maslen* v. *Anderson,* 163 Mich. 477; *People* v. *Meloche,* 186 Mich. 536.

The proceedings to appoint a receiver of the Powers-Tyson Corporation were without jurisdiction and void.

2. The contract between the Ostrander-Seymour Company and the Powers-Tyson Corporation provided:

"Upon default in the payment of either or any of said notes said Ostrander-Seymour Company, their successors or assigns, may commence suit upon the same which shall not be a waiver of the Ostrander-Seymour Company's title to the said property, and the same may be retaken under this contract and said property held until judgment is obtained upon said notes when said property may be sold to satisfy such judgment and if there be any deficiency the same shall be valid claim against the undersigned; it being the intention of this obligation to give the said, The Ostrander-Seymour Company the option of two remedies, one to take the property and credit payment in full for use, wear and tear of said property, and the other, to foreclose a vendor's lien by obtaining judgment and sale of the property. * * * "it being expressly understood and agreed that the title to the said property shall under the circumstances remain in said Ostrander-Seymour Company, its successors or assigns, until all of said notes are cancelled and delivered up and said indebtedness paid in full."

"Title cannot be retained and passed at the same time." *Thomas Spacing Machine Co.* v. *Central Trust Co.,* 223 Mich. 164, 169. See, also, *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15; *In re Parkstone Apartment Co.,* 243 Mich. 401.

In *Nelson* v. *Viergiver,* 230 Mich. 38, it is said:

"A conditional sale contract may reserve to the seller two inconsistent rights. It may give him the election to sue upon the obligation to pay or to retake possession of the property. He cannot, however, do both. If he elects to retake the property, and does so, he cannot recover any part of the contract price by suit. On the other hand, if he brings suit to recover the debt due him, he cannot thereafter assert his right to retake possession. He cannot recover a judgment for the price while the title to the thing sold yet remains in him."

In *Burroughs Adding Machine Co.* v. *Wieselberg, supra,* it is said:

"The right to retake the property, retain payments made, estimate wear and tear, compute damage and look to the buyer for deficiency in the agreed price is consonant only with remedies under instruments providing for security in the nature of a chattel mortgage; for in such a case the security is but an incident of a debt absolutely due from the buyer to the seller."

It follows that the order dismissing intervener's petition must be affirmed, with costs.

SHARPE, J. I concur in the result for the second reason stated.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred with SHARPE, J.