## OSTRANDER–SEYMOUR CO. v. GRAND RAPIDS TRUST CO. et al.
### No. 5649.

Circuit Court of Appeals, Sixth Circuit.

June 9, 1931.

Meyer Abrams and Vincent G. Gallagher, both of Chicago, Ill. (Gallagher, Shulman & Abrams, of Chicago, Ill., and Knappen, Uhl & Bryant, of Grand Rapids, Mich., on the brief), for appellant.

B. M. Corwin and G. C. Fuller, both of Grand Rapids, Mich. (Corwin, Norcross & Cook, of Grand Rapids, Mich., on the brief), for appellees.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

On August 16, 1926, appellant sold certain chattel property comprising an engraving plant and equipment to the Powers-Tyson Corporation, a Michigan corporation, reserving a security title for approximately $7,500 of the purchase price. On January 13, 1928, the circuit court for Kent county, Mich., appointed a receiver for the Powers-Tyson Corporation, a Delaware corporation, which had theretofore succeeded to the possession of the engraving plant. Appellant intervened in that action by filing a petition to reclaim the engraving plant upon the assumption that it had been held under a conditional sales contract and title was in the intervener. This action was prosecuted to the Supreme Court of Michigan, where it was held that the instrument, whereby it was alleged title had been retained, was a chattel mortgage, void as against creditors for want of compliance with the recording statutes. Appellant thereupon brought the present action in trover, claiming that the circuit court of Kent county was without jurisdiction to appoint a general receiver for the Deleware corporation under the allegations of the bill; that the Supreme Court of Michigan had so decided (245 Mich. 669, 224 N. W. 609); and that the original sale was to the Michigan corporation, and neither the receiver nor the purchaser of the assets of the Delaware corporation acquired title to the goods and chattels of the Michigan corporation, but both are liable in conversion.

■ The obvious fallacy in plaintiff's position is twofold: First, it assumes that the question of jurisdiction is not a question of a judicial nature so as to fall within the doctrine of res judicata (to the contrary see Baldwin v. Iowa State Traveling Men's Ass'n, 51 S. Ct. 517, 75 L. Ed. ——, decided May 18, 1931); second, it assumes that the Supreme Court of Michigan held the circuit court of Kent county to be without jurisdiction of the subject-matter, that is, without jurisdiction to appoint the receiver. A perusal of the opinion shows the second assumption to be clearly without merit. The judgment of the circuit court denying relief to the present plaintiff, relief which could only be sought under a claim of title, was affirmed, with costs. All but one judge of the Supreme Court specifically based the decision upon the insufficiency of the unrecorded chattel mortgage to effect a retention of title, and as a basis for the relief sought.

This was, in itself, a recognition and an exercise of jurisdiction—not a denial of it.

Much might here be said upon such subjects as the election of remedies, acquiescence, and estoppel, collateral attack upon judgments, the effect of intervention, the difference between jurisdiction of subject-matter and general equity jurisdiction, and the like, all more or less touched upon by counsel in their briefs, but we think a consideration of these matters unnecessary. The plaintiff invoked the jurisdiction of the state court to regain possession of the engraving plant or its value. Properly or improperly, it also asserted that court's lack of jurisdiction to appoint the receiver. The question of jurisdiction then became a justiciable issue in the case. When it was decided adversely to plaintiff, plaintiff prosecuted an appeal to the Supreme Court, challenging the decree both for error and for lack of jurisdiction. The case being again decided against it, plaintiff seeks to relitigate both questions in this court. Such procedure is contrary to all reason and authority. The cause of action in which plaintiff is directly interested, that resting upon its claim of title to the engraving plant, forms the basis of both the former and the present actions. That principles of res judicata and estoppel by judgment should apply is well established. Forsyth v. Hammond, 166 U. S. 506, 17 S. Ct. 665, 41 L. Ed. 1095; Chicago Life Ins. Co. v. Cherry, 244 U. S. 25, 37 S. Ct. 492, 61 L. Ed. 966; Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069; Norton v. San Jose Fruit-Packing Co., 83 F. 512 (C. C. A. 9); Davis, Trustee v. Mabee et al., 32 F.(2d) 502 (C. C. A. 6); Steele v. Walker, 115 Ala. 485, 21 So. 942, 67 Am. St. Rep. 62.

Nor can plaintiff derive comfort from the fact, here seemingly presented for the first time, that the original sale was to the Michigan corporation while the receiver was appointed for the Delaware corporation. This claim is belated. The estoppel of the former judgment operates not only as against a re-examination of the questions and grounds for recovery then and there asserted, but also as against all grounds which might have been urged. Davis, Trustee v. Mabee et al., supra; Baltimore S. S. Co. v. Phillips, supra. Had the point been raised in due time, it probably would have been met by a showing of transfer from the Michigan to the Delaware corporation. Plaintiff took such transfer for granted when it recognized the possession of the receiver and intervened. It is now too late to assert the claim, which,

in any event, has no bearing upon plaintiff's title to and right to possession of the plant, or the proceeds of the sale. The adverse prior adjudication of this question of title is alone sufficient to defeat the present action.

The judgment of the District Court is affirmed.