GRAND RAPIDS ELECTROTYPE CO. *v.* POWERS-TYSON CORP.

1. Judgment—Res Judicata—Jurisdiction—Receivers.
   Decision of Supreme Court that title of receiver to goods sold to it was good as against unrecorded chattel mortgage necessarily presupposed valid receivership, and therefore is conclusive of question of jurisdiction of court to appoint receiver.

2. Receivers—Estoppel—Interveners.
   Recognition of receivership and effort to obtain benefits thereunder by intervener estops it from attacking validity of receivership and jurisdiction of court to appoint receiver.

3. ·SAME—SOLICITORS' FEES FOR SERVICES RENDERED BEFORE RE-
    ·CEIVER'S APPOINTMENT DISALLOWED.

    Receiver's claim for solicitors' fees for services rendered before
        receiver's appointment is disallowed; receiver having no au-
        thority to employ counsel previous to appointment.

    FEAD, J., concurred in part.

Appeal from Kent; Dunham (Major L.), J. Sub-
mitted October 9, 1931. (Docket No. 71, Calendar
No. 35,756.) Decided December 8, 1931.

Bill by Grand Rapids Electrotype Company
against the Powers-Tyson Corporation for the ap-
pointment of a receiver and the sale of certain ma-
chinery. The Ostrander-Seymour Company inter-
vened, claiming title to said machinery. Intervener
appeals from allowance of receiver's final account.
Modified and affirmed.

*Wicks, Fuller & Starr,* for plaintiff.

*Gallagher, Shulman & Abrams* (*Meyer Abrams*
and *Vincent G. Gallagher,* of counsel), for inter-
vener.

*Corwin, Norcross & Cook,* for receiver.

POTTER, J. The parties hereto were before this
court in *Grand Rapids Electrotype Co.* v. *Powers-
Tyson Corp.,* 245 Mich. 669. This case comes before
us on objections to the allowance of the receiver's
final account. Appellant raises four questions. It
contends that the opinion of the court in *Grand
Rapids Electrotype Co.* v. *Powers-Tyson Corp.,*
*supra,* properly construed, holds the trial court had
no jurisdiction to appoint a receiver; that, independ-
ent of the holding of the court in the above entitled
cause, there was in fact and in law no jurisdiction
vested in the trial court to appoint a receiver; that
the receiver appointed for a Delaware corporation
may not seize the chattels of a Michigan corporation
sold by it and secured by an unrecorded chattel

mortgage and sell them without notice to the mortgagee and use the proceeds of its own wrongful sale in the payment of the receiver's and solicitors' fees; and that the parties and their solicitors may not fraudulently and collusively prearrange a receivership and charge the estate of the party for whom a receiver is appointed fees therefor.

When this case was before this court in the case above cited, the question was decided whether appellant had a right under an unrecorded chattel mortgage to the possession of property as against a receiver appointed by the circuit court of Kent county. It was held that by reason of such chattel mortgage not being recorded the appellant could not recover. In making such holding the court necessarily held there was a receiver of the company to which the appellant had sold its property, which had given the chattel mortgage in question; and the title of such receiver was good as against appellant. This necessarily presupposed there was a valid receivership and jurisdiction in the court to appoint such receiver. This holding definitely and finally concluded the parties upon the question of the jurisdiction of the trial court to appoint a receiver, and this question may not now be inquired into.

The prior case held the receiver's title was good as against appellant's who intervened in the receivership proceedings and litigated its claim and is bound by the result of such litigation. The recognition of the receivership and effort to obtain benefits thereunder estops the party so conducting itself from attacking the validity of the receivership. *Manhattan Trust Co.* v. *Seattle Coal & Iron Co.,* 16 Wash. 499 (48 Pac. 333, 737). Appellant herein by its conduct is so estopped.

Objection is made to the solicitors' fees charged to the receiver. Until a receiver was appointed he

could not employ counsel and could not become liable to attorneys or counsel subsequently employed by him. All solicitors' fees for services rendered to the receiver, prior to the appointment of a receiver, are improperly charged and the decree herein will be modified as to such fees, which are disallowed, and, as so modified, will be affirmed, without costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, and North, JJ., concurred with Potter, J.

Fead, J. (*concurring*). I concur, but with the understanding that the opinion in the former case is not to be taken as authority that the receivership was valid. Plaintiff intervened in subordination of the main proceeding, and could not attack its validity.