HOLMES *v.* HOLMES.

RECEIVERS—COMPENSATION—APPOINTMENT.

> Compensation of receiver who performed valuable services, who was appointed with consent of defendants as a condition to setting aside default, is chargeable to property held by receiver, not to plaintiffs whose alleged unjust and wrongful charges procured his appointment and who, acting independently of their attorneys, stipulated with defendants for discontinuance of case prior to hearing on merits; and validity of his appointment may not be questioned.

Appeal from Wayne; Campbell (Allan), J. Submitted April 7, 1933. (Docket No. 56, Calendar No. 37,113.) Decided December 5, 1933.

Bill by Albert J. Holmes and another against Alice M. Holmes and others for an accounting, ap-

pointment of a receiver and for other relief. From order allowing final account of receiver, defendants appeal. Affirmed.

*Oxtoby, Robison & Hull* and *Lightner, Hanley, Crawford & Dodd,* for receiver.

*N. Calvin Bigelow,* for defendants.

McDONALD, C. J. This is an appeal from a circuit court order allowing the final account of Edward R. Stanton, receiver.

A bill of complaint was filed by the plaintiffs in which it was charged that the defendants, Alice M. Holmes and William D. Bell, defrauded the plaintiff, Albert J. Holmes, out of a large sum of money which he would have received from the estate of his foster-father. The bill asked for an injunction restraining defendants from disposing of the property and for the appointment of a receiver.

The defaults of the defendants were taken for failure to file answers. On the hearing of a motion to set them aside the court announced that he would grant the motion on condition that the defendants consent to the appointment of a receiver. This condition they accepted in open court, whereupon the defaults were set aside and Edward R. Stanton was appointed receiver. He qualified and entered on his duties.

Before the case was heard on its merits the plaintiffs, acting independently of their attorneys, stipulated with defendants for its discontinuance. The receiver then filed his final account to the allowance of which the defendants entered written objections in substance that there was no merit in plaintiffs' cause of action, that the charges of fraud were false and that the receiver was wrongfully appointed;

that his appointment was not for their benefit; that his services were not performed at their request or with their consent and that his fees should not be paid out of the estate, but should be borne exclusively by the plaintiffs whose unjust and wrongful charges procured his appointment. On the hearing testimony was taken and the trial court held that the receiver's compensation, amounting to $2,500, should be paid out of the funds in his hands; that $1,500 of the amount should be charged to the account of Alice M. Holmes and Gloria Alice Holmes, and $1,000 to the account of William D. Bell. The defendants have appealed.

No objection is made as to the reasonableness of the account. The only question is whether it should be paid out of the property in the hands of the receiver, or by the plaintiffs.

The defendants' contention would be full of merit if they had not consented to the appointment of the receiver and actively participated with him in the administration of the assets. In view of these facts they cannot now question the validity of the appointment, or reasonably claim that it was not for their benefit. *Grand Rapids Electrotype Co.* v. *Powers-Tyson Corp.*, 256 Mich. 311; *Bailey* v. *Bailey,* 262 Mich. 215.

The material facts are not in dispute. Discussion is not necessary. The receiver performed valuable services. They were beneficial to the defendants. They consented to his appointment. The court was right in holding that his compensation was properly chargeable to the property in his hands.

The order is affirmed, with costs to the receiver.

Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred. Clark, J., did not sit.