ROBERT DAVIS *et al.*, Plaintiffs in Error, *v.* CHARLES SCHU-
LER *et al.*, Defendants in Error.

*Mechanics' Lien — Practice — St. Louis County.* — By the mechanics' lien act
relating to St. Louis county (Sess. Acts 1857, p. 242, § 18), every sub-con-
tractor, seeking to enforce a lien, was bound to serve a notice upon the owner
ten days before filing his lien; and if no notice be given, the lien will be
void. But if a sub-contractor filed his lien without giving notice, he could,
within the time limited by the statute, give his notice and file his lien, and
enforce the same. See Mulloy & Lawrence, 31 Mo. 583.

### *Error to St. Louis Land Court.*

This was an action on a mechanic's lien. The petition,
filed October 16, 1860, alleged that the defendant Charles
Schuler was the contractor of the defendant Louis Peters for
the erection of the house described in the petition; that said
Schuler contracted with plaintiffs to furnish the materials
and do the brick work thereof; that said Schuler was justly
indebted to them in the sum of $915 for work and labor done
on, and materials furnished for the erection of, said building,
and also contained all allegations necessary to constitute a
cause of action, and prayed for a special execution, &c.

The petition also alleged, that after the notice of lien was
given to said Louis Peters, he conveyed said property to the
defendant Louis Ludwig, to hold the same in trust for the
use of Emily Peters, the wife of Louis Peters, wherefore said
Ludwig and said Emily Peters were made parties.

The answer of Louis Peters, Louis Ludwig, and Emily Pe-
ters, denied knowledge or information sufficient to form a
belief if said Schuler was indebted to the plaintiffs in any
sum. It admitted that, at the time the work was alleged to
have been done, the land upon which the house was built
was of record in the name of the defendant Louis Peters; it
denied knowledge or information sufficient to form a belief
if plaintiffs ever gave the notice alleged in the petition, or
if they filed their lien in the office of the Land Court, or if
any lien as required by law had ever been filed; and these
were all the matters put in issue by the answer.

The defendant Schuler filed no answer, and a default was taken as to him. Emily Peters having died, the case was dismissed as to her.

On the trial, plaintiffs read in evidence a notice of a lien, dated the 2d day of August, 1860, addressed to Louis Peters, owner, &c., and the return of the marshal, showing that the same was served on him on the day of its date; also, a lien filed in the clerk's office of the St. Louis Land Court, on the 14th day of August, 1860, against Louis Peters, as the owner of the building and improvements.

Plaintiffs then introduced Ellis N. Leeds, who testified as to the amount of work done by the plaintiffs; that he measured it on the 17th day of April, 1860, and that it was not then finished.

Plaintiffs also introduced Charles Schuler, who testified that he was the contractor of Louis Peters for building the house described; that he employed plaintiffs to do the brick work, and that their work was not finished when the witness Leeds measured it.

Plaintiffs then rested their case.

The defendants then offered to read in evidence a paper purporting to be a lien filed on the 2d day of July, 1860. This was a similar claim to that contained in the lien read by plaintiffs, but was filed against "Charles Schuler, and Louis Peters, agent for Emily Peters," and did not allege that any notice of the claim was given to the owner, as re-quired by law.

To the admission of this testimony the plaintiffs objected, on the ground that no notice was proven to have been given to the owner, as required by law, and because it was incompetent and illegal; but the court admitted the evidence, to which the plaintiffs excepted.

Defendants then offered in evidence a deed dated July 24, 1860, executed by Louis Peters, conveying the property described in the petition to Louis Ludwig, in trust for the use and benefit of Emily, the wife of said Louis Peters. This deed was acknowledged on the 29th day of July, and filed

for record on the 2d day of August, the day on which the notice of lien was served on Louis Peters.

The defendants here closed.

Thereupon the court, at the instance of defendants, found that the papers purporting to be liens, dated July 2, 1860, and August 14, 1860, were upon the same property and for the same claim; and ruled that the paper dated July 2, 1860, possessed the legal requirements of a lien, and that plaintiffs could not have judgment and execution against the property described, because the suit was not brought within ninety days after the filing of the paper dated July 2, 1860, and gave judgment in favor of Louis Peters and Louis Ludwig; to all which finding and action of the court plaintiffs at the time excepted.

Plaintiffs afterwards, and within proper time, filed their motion for a new trial; which being overruled, they excepted.

Judgment was rendered against Schuler, the contractor, for the amount claimed in the petition, with interest from the institution of the suit.

*Mauro*, for plaintiffs in error.

This case is not like the case of Mulloy v. Lawrence, 31 Mo. 583. In that case a perfect and complete lien was filed. The plaintiff failed to institute suit within ninety days thereafter. The court simply decided, that, having filed one lien, and failed to avail himself of it, he could not file another.

In this case, the paper filed July 2, 1860, was not a lien, and an action brought on it would have been inefficacious to hold the property for the debt; it was a mere nullity.

1. The lien was filed against Louis Peters, agent for Emily Peters. The proof shows that the property was the property of Louis Peters, and not of Emily Peters. The property described is not the same.

2. The act of February 14, 1857, under which these proceedings were had (Laws of St. Louis County, p. 242), at

§ 18, provides that "every person, except the original contractor, who may wish to avail himself of the benefit of this act, shall give ten days' notice before the filing of the lien, as required by this act, to the owner," &c. Prior to the filing of the paper dated July 2, 1860, no notice whatever was given to the owner, as required by the act.

This was an action by sub-contractor against contractor and owner. Ten days' notice to the owner was a fact necessary to be alleged, because without such notice a lien could not be secured under that act. No such allegation could be made, because no such notice had been given. Consequently, the paper filed July 2, 1860, did not possess the force, effect, or essential qualities of a lien, and did not deprive the plaintiffs of the right to file a lien under the provisions of the act ; and after filing such a lien, they still have ninety days within which to institute suit—Bournonville v. Goodall, 10 Pa. 585.

This court has decided that a lien filed by a sub-contractor without first having given ten full days' notice to the owner, is invalid, and a suit on it cannot be sustained— Schubert v. Crowley, 23 Mo. 564 ; Heltzell v. Hynes, 25 Mo. 482.

The fact that Louis Peters conveyed the property to Louis Ludwig, by deed dated July 24, 1860, and filed for record August 2, 1860, does not affect plaintiffs' right to recover— Kuhleman v. Schuler, 35 Mo. 142.

The answer of defendants does not set up the defence that a lien had been filed prior to that on which the suit was brought, and the testimony on that point admitted by the court was clearly illegal and incompetent.

The court evidently erred in its declaration of the law applicable to this case—Chambers v. Yarnell, 15 Pa. 265.

The property described in the paper dated July 2, 1860, does not appear to be the same property described in the second paper filed in the Land Court.

The court is asked to overrule the case in 31 Mo. cited first above.

*Hill & Jewett*, for defendants in error.

This case was decided by the court upon the case of Mulloy v. Lawrence, 31 Mo. 583. The only possible difference is that there is proof in this case tending to show that no notice was given to the land owner before the filing of the lien. The notice is no part of the lien. The notice is to be given in the case of sub-contractors only, and is to be given before the lien is filed. The lien was duly and properly filed, and the suit should have been within three months. The second lien was not filed against the owner of the property, and was not filed according to the statute in that particular.

Peters had conveyed the property to Ludwig before the lien of August 2d was filed. There should be no difference in the effect of filing a lien, whether the plaintiff is a contractor or sub-contractor; and in each case the suit must be brought within three months of the filing.

WAGNER, Judge, delivered the opinion of the court.

The only question presented in this case is, whether the first lien filed was a good and valid lien. If it was, then within the principle of Mulloy v. Lawrence, 31 Mo. 583, the second lien was a nullity, as the plaintiff could have but one lien for the same demand.

By the mechanics' lien law applicable to St. Louis county, every person, except the original contractor, who may wish to avail himself of the benefits of the act, must give ten days' notice before the filing of the lien, to the owner or agent of the property on which the lien is sought to be enforced, of his claim. This notice is indispensable, and without it the lien is utterly void.

The first paper filed as a lien being inoperative and not sustained by any statute, the claimant might file another, if the prescribed time had not expired. The second lien being filed within the proper time, and the required notice being given, was sufficient and effective according to law.

The judgment is reversed and the cause remanded. The other judges concur.