JOHN D. MOUAT v. FRED E. FISHER.

*Mechanic's lien—Service of notice—Acceptance—Estoppel—Unrecorded deed.*

1. Where a land-owner, prior to the expiration of the time limited by the mechanic's lien law of 1891 for the service upon him by posting of a copy of a claim of lien, and prior to the expiration of the time within which the claimant could file a new lien, signs an acceptance of service of a copy of such claim in lieu of such posting or other notice, he is estopped from objecting that the statutory service was not made.

2. Where, at the time of filing a bill to enforce a mechanic's lien, the record title to the land appears to be in the defendant, the lien cannot be defeated by the recording of a deed of the land

to the defendant's wife, which purports to have been executed prior to the filing of the bill.

Appeal from Washtenaw. (Kinne, J.) Submitted on briefs January 24, 1895. Decided March 5, 1895.

Bill to enforce a mechanic's lien. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for complainant.

*John P. Kirk,* for defendant.

MONTGOMERY, J. This bill was filed in the circuit court for the county of Washtenaw, in chancery, to enforce a mechanic's lien under the provisions of Act No. 179, Laws of 1891.

The complainant was an original contractor with the defendant, who was the owner of the land. The last of the labor and material was furnished September 12, 1892. A verified claim of lien was filed in the office of the register of deeds October 13, 1892. On October 26, the defendant signed a waiver of service, which read:

"October 26, 1892.

"I accept service of a copy of this notice on me in lieu of posting the same on my building, within described, or other notice under the statute.

"F. E. FISHER."

The court below decreed a lien in favor of complainant, and defendant appeals.

It is claimed by defendant that, under section 6 of the act, service of a copy of the claim of lien is necessary. This section provides, in substance, that the person filing such statement or account (referring to the statement in the preceding section) shall serve a copy of the same upon the owner, if he can be found within the county wherein the property is situated, within 10 days after such filing, but, if he cannot be found within the county within the

10 days, a copy shall be served by posting the same in some conspicuous place on the premises within five days after the time limited for the personal service; and provides that proof of such service shall be made and filed with the register of deeds before any subsequent proceedings shall be taken for the enforcement of such lien.[1] Under section 5, the claim of lien may be filed within 60 days from the date of the furnishing of the last material and labor.

If it be held that a compliance with the provisions of section 6 is necessary to continue the lien in force as against the owner, where, as in the present case, the lien is asserted by the original contractor, and no rights of subsequent purchasers intervene (a point which we do not decide), we think it is clear that it was competent for complainant to file a lien at the date of the waiver of notice by defendant (*Davis v. Schuler*, 38 Mo. 24); and it was also competent for him to serve the notice of lien already filed by posting at the date of the waiver, if the fact existed that previous service could not have been made personally. The acceptance of service is broad enough to justify the inference that such service was still possible to be made, and, after the defendant has thus accepted service in lieu of the statutory service, we think he should not be heard to complaim that the statutory steps were not taken, which were still open to the complainant to take. To permit such an objection to prevail would be inequitable, and the defendant should be held estopped from raising such a question.

It is claimed that defendant's wife was the owner of the property at the time the bill was filed. But, if so, no such fact appeared of record. A deed purporting to have

---

[1] Act No. 199, Laws of 1893, § 6, provides that a copy of such statement need not be served where the person claiming the lien deals directly with the owner.

been executed previously was subsequently recorded, but the lien of complainant cannot be defeated in this way.

There are no other questions which we think require a discussion.

The decree of the court below will be affirmed, with costs.

The other Justices concurred.