FRANK WHITE V. THE STATE.

No. 3076.  Decided February 8, 1905.

**Local Option—Rescinding Sale—Charge of Court.**

Where the evidence of defendant showed that defendant proposed to let prosecutor have a quart of whisky which was in the Express office C. O. D., in defendant's name, and accepted the money therefore, but on being told that it was a violation of the local option law, returned the money to prosecutor by a third party and had not delivered the whisky, the court should have submitted this issue to the jury, as it became a question of fact whether defendant rescinded the sale before its consummation by a delivery of the whisky.

Appeal from the County Court of Hunt.  Tried below before Hon. F. M. Newton.

Appeal from a conviction of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Treadaway v. State, 42 Texas Crim. Rep., 466.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at confinement in the county jail for twenty days and a fine of $25.

The only question we need consider is whether the court should have given appellant's requested special instruction.  In order to present this matter, we will state sufficient facts to show how the question came up.  Pemberton, witness for the State, testified that about January 20, 1904, defendant, Frank White, told him he had a package containing four quarts of whisky, in the American Express Office, in Greenville, addressed to him (Frank White) C. O. D., and asked witness if he desired to put some money in and take part of the whisky.  Witness replied that he would do so.  Thereupon he gave appellant 80 cents, for which appellant agreed to let him have one quart of whisky; that that afternoon he went down to Tomblin's restaurant, and defendant handed him a quart of whisky and said he had brought the whisky from the express office.  Appellant testified, in effect, as did the prosecuting witness as to the transaction between him and prosecutor, about having the package containing the four quarts of whisky at the express office, which came to him C. O. D., and that he agreed to let prosecutor have one quart, if he would put in 80 cents.  He further testified that after prosecutor left, Charley Womack, who was standing by and saw prosecutor give him the 80 cents, informed him that he had learned from the sheriff it was a violation of the law to take money from any one and take out whisky and deliver the whisky to such person, and told him he had better return the money to Pember-

ton. Thereupon appellant gave Charley Womack 80 cents, which prosecutor had given him, and requested him to return it to prosecutor. Appellant then went to his employer, got the money from him, and paid the whisky out of the express office, brought it to Tomblin's restaurant, took it upstairs, into the poolroom, and opened the box, took out a quart of whisky, opened it up, and Pemberton, Womack, Horton, himself and others drank the quart of whisky; that he took the other three quarts home with him and used it; that he did not deliver to Pemberton any whisky whatever, and if he got any he did not know it. Charley Womack testified to the same effect as appellant regarding the transaction, including the fact that appellant gave him the 80 cents and told him to return it to Pemberton, which he did that afternoon; that he was present that afternoon when the whisky was brought down from the express office. One bottle of the whisky was opened and a number drank it up; that he did not see Pemberton get any of the whisky other than that which he drank out of the bottle. Ben Horton testified he was present when the bottle of whisky was opened at the restaurant, and a number drank it; that he saw Pemberton take a quart bottle of the whisky out of the box and carry it away with him. Pemberton, being recalled, reiterated what he had said about appellant handing him the bottle of whisky. He further testified that he had an indistinct recollection about Charley Womack returning him some money that he had given Frank White.

The court charged on this subject as follows: "And you are instructed that if you believe from the evidence beyond a reasonable doubt that the defendant did, in said county and State, receive from the express company a package of whisky, and that said whisky had been consigned to the defendant C. O. D. at the city of Greenville, in Hunt County; and if you further believe that the defendant received from said W. T. Pemberton any money to pay for said whisky or any part of it, with the understanding that said Pemberton was to have said whisky, or any part of it, then and in that event such a transaction would constitute a sale by defendant to said Pemberton, and you should find defendant guilty." Appellant requested the following charge: "If you find from the evidence that Pemberton gave defendant 80 cents to be used in paying out a package of whisky from the express office, and if you find that defendant gave the money he received from Pemberton to Charley Womack, and requested him to return the money to Pemberton, then and in that event the same would not be a sale, and you will return a verdict for the defendant." While this was not a full charge on the subject of appellant's defense, as it made appellant's defense depend solely on his repayment of the 80 cents, to Charley Womack, with the request to return it to Pemberton and said nothing about Womack actually returning it to Pemberton in cancellation of the sale, yet the court's charge went no farther but impaled appellant's guilt upon the proposition that appellant received the money with the understanding that he was to let Pemberton have the

quart of whisky, regardless of whether or not he carried out this understanding. Under the circumstances, we believe the charge requested was an answer to the State's proposition, and called the court's attention to a correct rule of law. While ignorance of the law excuses no one, and when appellant received the money from prosecutor and agreed to let him have the whisky he received by express, this was protanto an agreement to violate the law—but we do not believe it was such an actual violation of the law that appellant could not rescind the sale before its consummation by a delivery of the whisky. I presume no one will deny that if appellant had returned the money to prosecutor immediately on being informed if he consummated the sale it would be a violation of the law, he could not be punished. Here he did not make a direct return of the money to prosecutor, but gave it to another to be returned to him; and he claims that this was all he did with reference to the whisky; that he did not deliver it to prosecutor. We think the requested charge should have been given.

Because the court refused to give the same, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.