PEOPLE v. PERENCHIO.

1. CRIMINAL LAW—INTOXICATING LIQUORS—SALES—LICENSE.
   An executed and completed sale is necessary to sustain a prosecution for selling intoxicating liquors without having a license; an actual delivery by which title is transferred is an essential element of the offense.

2. SALES—INTOXICATING LIQUORS.
   There can be no sale until a specific chattel has been ascertained and identified.

3. INTOXICATING LIQUORS—UNLAWFUL SALE.
   Taking orders for intoxicating liquors which the vendor later shipped from the city in which he was authorized and licensed to do business, by freight or express, to another township in which the accused took the orders, was not an unlawful sale in the latter township, since no

sale was effected until he had selected the wares from his stock, even though he, personally, collected payment.[1]

Exceptions before sentence from Marquette; Flannigan, J. Submitted November 7, 1913. (Docket No. 167.) Decided July 24, 1914.

John B. Perenchio was convicted of unlawfully selling intoxicating liquors in the township of Forsyth, Marquette county, without a license. Reversed: respondent discharged.

*Grant Fellows,* Attorney General, and *M. J. Kennedy,* Prosecuting Attorney, for the people.

*W. T. Potter,* for respondent.

McALVAY, C. J. Respondent was convicted before the circuit court for the county of Marquette for engaging in the business of selling intoxicating liquors in the township of Forsyth in said county without first paying the required tax or license fee. The case is before this court for review upon exceptions before sentence. The facts are stipulated, and, briefly stated, are as follows:

Respondent is a wholesale liquor dealer located at No. 215 Gold street, in the city of Negaunee, in Marquette county, and was engaged in such business at that place on September 21, 1912, at the time the alleged offense was committed, duly authorized to conduct such business at that place, having paid the fee or tax required by law to the county treasurer of the county and received his receipt therefor. His application stated that his business was that of selling spirituous or intoxicating liquors at wholesale and his place of business at the street and number above designated. On the date alleged in the information he went to the township of Forsyth in said county, and

---

[1] On the question of the place of sale of intoxicating liquors, see note in 44 L. R. A. (N. S.) 437.

there obtained and accepted orders from various persons for spirituous and intoxicating liquors in quantities of three gallons or more. The persons who bought the liquors and to whom they were delivered were not retail liquor dealers duly authorized to do business. Respondent took these orders to his place of business in Negaunee, and there filled them from his stock kept in such place, and then shipped the same to the purchasers in the township of Forsyth in packages addressed to such purchasers who ordered the liquor. The liquors were shipped by the usual common carrier, the railway company, either by freight or express, and were delivered in Negaunee to such common carrier by the respondent, the freight being paid by the purchaser of the liquor. Afterwards the respondent went to the township of Forsyth and made collections for the liquor sold, payment being made to him personally in such township by the purchasers. He was not authorized to do business in such township as a wholesale or retail liquor dealer. He was not a druggist, nor the keeper of a drug store who sold liquors for the purposes for which such persons may sell liquors.

At the close of the testimony, which established the foregoing facts and stood undisputed, respondent's counsel moved the court to direct a verdict of not guilty, which motion was denied and an exception taken. The court, after stating the undisputed facts, charged the jury as follows:

"In this case, gentlemen, under the undisputed facts as I have stated them, the respondent on the day mentioned in the information was engaged in the business of selling intoxicating liquors in the township of Forsyth in this county, and if you find these facts as stated beyond a reasonable doubt, it will be your duty to return a verdict of guilty in this case."

An exception was taken to this portion of the charge, and the court said:

"You may retire to your jury room and return such verdict as you deem warranted by the facts and the instructions of the court."

The jury retired to consider their verdict, and later returned and rendered a verdict of guilty. Judgment upon this verdict was suspended by the court until the case could be reviewed before this court.

The section of the statute (section 5380, 2 Comp. Laws) defining who are wholesale liquor dealers has been amended twice since that compilation. The last amendment was made in 1911. So much thereof as is relevant to the consideration of the instant case reads as follows:

"Wholesale dealers shall be held and deemed to mean and include all persons who sell, or offer for sale such liquors as beverages at wholesale in original sealed trade packages and not to be drunk on the premises." Act No. 170, Pub. Acts 1911, p. 287 (2 How. Stat. [2d Ed.] § 5056 *et seq.*).

It will be unnecessary to refer to or consider any other of the many amendments to the general liquor law than the one last above quoted, for the reason that in this case we are dealing with a wholesale liquor dealer in spirituous and intoxicating liquors, and the sole question to be determined being whether respondent, who at the time was a wholesale dealer duly authorized to do business in the city of Negaunee, Marquette county, in this State, did, as charged, unlawfully engage in such business in the township of Forsyth, in said county.

The undisputed facts in this case are construed by respondent's counsel to constitute only an offer to sell spirituous and intoxicating liquors in the township of Forsyth at wholesale. He contends that respondent's acts constitute no offense, for the reason that this statute for the taxation and regulation of the liquor traffic requires the payment of a tax or license fee

only "upon the business of selling spirituous and intoxicating liquors at wholesale."

It is one of the stipulated facts in this case that respondent, on September 21, 1912, the date of the commission of the alleged offense with which he is charged, was a wholesale dealer in spirituous and intoxicating liquors, duly authorized to carry on such business at a certain street and number in the city of Negaunee. The facts as to what occurred on that date at the township of Forsyth are stipulated as follows:

"(3) On the date alleged in the information in this case and for some time prior thereto the respondent went to the township of Forsyth in said county of Marquette, and there obtained and accepted orders from various persons for spirituous and intoxicating liquors in quantities of three gallons or more."

The question presented for decision upon the stipulated facts is: Was respondent engaged in the wholesale liquor business in the township of Forsyth, as charged in the information? In other words, was a sale of intoxicating liquors made by respondent at the time and place named?

It seems to be well settled that to constitute this offense there must be a completed sale—a sale which is a transfer of the title. 23 Cyc. p. 180.

Relative to the necessary proof in these cases a text-writer says:

"On the trial of an indictment for unlawfully selling liquor, an actual delivery of the liquor must be proved and the evidence of a mere agreement to sell is not sufficient." Black on Intoxicating Liquor, § 404.

It is elementary, as pointed out by Mr. Mechem and other authors, that a sale is pre-eminently a transfer of title. 1 Mechem on Sales, § 1.

This is the very essence of a sale. It is also elementary that there can be no sale until a specific chattel has been ascertained and identified. In the instant

case orders for intoxicating liquors, in quantities of three gallons or more, were taken by respondent in the township of Forsyth. The liquors bargained for were then at his place of business in the city of Negaunee in stock in his wholesale liquor store. He took the orders to his place of business and filled each one from his general stock and delivered them, each properly addressed, to the common carrier railroad to transport from Negaunee to Forsyth, where they were delivered by the common carrier to the purchasers, who each paid transportation charges upon his goods. Afterwards respondent went to Forsyth and collected the purchase price for these goods from the respective purchasers.

Mr. Mechem, quoting Chalmers on Sales, says:

" 'By an agreement to sell,' it has been said, 'a *jus in personam* is created; by a sale a *jus in rem* is transferred. If an agreement to sell be broken, the buyer has only a personal remedy against the seller. The goods are still the property of the seller, and he can dispose of them as he likes. * * * But if there has been a sale, and the seller breaks his engagement to deliver the goods, the buyer has not only a personal remedy against him, but also the usual proprietary remedies against the goods themselves, such as an action for conversion and detinue.' " 1 Mechem on Sales, § 5.

Applying this rule to the instant case, there can be no doubt that if respondent had refused to fill the orders he took in Forsyth the individuals who gave the orders would have only a personal remedy against him. It is therefore clear that taking these orders did not amount to a sale of these liquors in Forsyth.

It is contended that because respondent, the owner of the goods, personally took the orders, thereby accepting them, the sale then and there became a completed sale, and such a case would not be governed by the same rule which applies to cases where agents solicit orders and forward them to their principals, as

ordinarily they could not be held accepted until received by the principal. The contention, it seems to us, is completely answered by applying the above test under the rule quoted from Chalmers by Mr. Mechem. If the orders had not been filled by respondent, the only remedy for failure to do so would have been against him personally.

We therefore hold that no sales of intoxicating liquors were made by respondent in the township of Forsyth. The contention of the respondent is therefore sustained. The court erred in not granting his motion to direct a verdict of not guilty.

The verdict of the jury is set aside, and the respondent will be discharged.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.