PEOPLE v. MELOCHE.

1. INTOXICATING LIQUORS—VENUE—CRIMINAL LAW—SALE—SITUS.
    Since taking an order for intoxicating liquor to be furnished from a wholesale house located outside the county in which the accused, its agent, took the order, is not a

sale at the place where the order was given, no offense was committed by respondent in the county in which he accepted an order to supply liquors to a person of Indian descent to be secured from a wholesale house so located, and no jurisdiction existed to try the offense in the county of the alleged sale. ·

2. SAME—VENUE—STIPULATION — JURISDICTION — PARTIES—INTOXI-CATING LIQUORS—CONSENT.

A stipulation of the respondent, in a prosecution for unlaw-fully selling intoxicating liquors, that the sale took place in Baraga county and the court had jurisdiction, was insufficient to confer jurisdiction, upon a record showing that no sale was in fact or in law executed in the county of Baraga.

Exceptions before sentence from Baraga; O'Brien, J. Submitted April 23, 1915. (Docket No. 124.) Decided June 7, 1915.

Antoine Meloche was convicted of unlawfully sell-ing intoxicating liquors to a person of Indian descent. Reversed.

*Grant Fellows,* Attorney General, *L. W. Carr,* Assistant Attorney General, and *Hubert A. Brennan,* Prosecuting Attorney, for the people.

*Rushton & Riley,* for respondent.

STEERE, J. The information filed against respond-ent in this case charged him with violation of section 13 of the general liquor law of this State (section 5391, 2 Comp. Laws [2 How. Stat. (2d Ed.) § 5067]), in the particular that on the 12th day of May, 1914, he sold intoxicating liquors to one Antoine Chosa, a person of Indian descent, in the county of Baraga, State of Michigan. The record is short and concise, with all of the facts and part of the law stipulated.

It appearing in the information filed against de-fendant that said Antoine Chosa ·was himself a duly

licensed saloon keeper under the laws of the State of Michigan, and, as such, engaged in selling intoxicating liquor at retail in said county, defendant first moved the court to quash the information on the ground that the State was estopped from prosecuting said case by reason of its having issued a liquor dealer's license to Chosa, and thereby it became lawful for the wholesale dealer to sell him the commodity in which he was licensed to deal, even though he happened to have Indian blood in his veins. Said motion was denied, and the case duly brought on for trial. Upon the trial the facts were stipulated between counsel for the respective sides as follows:

"The facts are that one Antoine Meloche, as agent for the Bink Wholesale Liquor & Supply Company, of the city of Escanaba, did solicit and take an order for intoxicating liquors to be delivered to one Antoine Chosa, in the township of Baraga, Baraga county, Mich., who was a person of Indian descent, and who at the time of said sale was a duly authorized saloon keeper, holding a license in the State of Michigan, and regularly issued to said Antoine Chosa by the government of the United States, and said Antoine Chosa had been engaged in the saloon business in said township for the six years last past.

"It is further agreed that said sale was made in said county, and that the court had jurisdiction. Said shipment of liquor from the Bink Wholesale Liquor & Supply Company of the city of Escanaba, under the order taken by the defendant, Antoine Meloche, was shipped and received by the said Antoine Chosa."

Counsel for defendant thereupon renewed his motion to quash the information for reasons already urged, adding, amongst others, the further reason that:

"The agent would not be guilty of [selling] liquor shipped by the wholesale house, because there would be no sale by him; he would simply be an agent of the company soliciting orders."

Upon denial of this last motion he requested a directed verdict in defendant's favor on the grounds previously presented and argued. · This request was refused, and the court, reviewing principally the question of whether the fact that Chosa was a licensed saloon keeper raised an exception in his, favor to the law forbidding sales of intoxicating liquor to persons of Indian descent, instructed the jury that, under the law and undisputed facts, it was their duty to find defendant guilty, and a verdict was rendered accordingly. Exceptions were duly taken to these adverse rulings, and the case thereafter removed to this court upon exceptions before sentence.

In *People* v. *Perenchio,* 181 Mich. 314 (148 N. W. 205), under the proven facts much stronger than those stipulated here, it was held that taking an order for liquor to be furnished from a wholesale house located elsewhere, for subsequent shipment to the party giving the order, did not amount to a sale at the place where the order was taken. Under the ruling in that case it is evident that defendant committed no offense in the county of Baraga, so far as disclosed by the stipulated facts. The court therefore had no jurisdiction of the subject-matter of the offense charged, except as it was conferred by consent of the parties.

Although counsel did stipulate, as a matter of law, that "the sale was made in said [Baraga] county, and that the court [of that county] had jurisdiction," they also at the same time stipulated facts which showed a necessary conclusion of law directly to the contrary, under the authority cited.

It is familiar doctrine that judicial jurisdiction comes only from the law, and cannot be conferred by consent, especially over the subject-matter in criminal cases. 12 Cyc. p. 222; 1 Bishop's Crim. Procedure (2d Ed.), § 123, and cases cited.

Consent could not authorize the court of Baraga

county to assume jurisdiction over the subject-matter of an offense committed, if at all, elsewhere than in that county. The verdict rendered in said court must therefore be set aside.

The information is not set out at length in the record, and, not being advised whether further or different facts than those stipulated are available, the case is remanded for a new trial, or such other proceedings as the trial court may deem advisable.

Reversed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OS-TRANDER, BIRD, and MOORE, JJ., concurred.