## FOX v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
July 15, 1929.

No. 2859.

J. Raymond Gordon, of Charleston, W. Va. (T. J. Lilly and P. J. Carr, both of Hinton, W. Va., on the brief), for appellant.

Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va. (James Damron, U. S. Atty., and Edmund Marshall, Asst. U. S. Atty., both of Huntington, W. Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge. One J. A. Fox, hereinafter referred to as defendant, was convicted in the court below under an information charging a sale of intoxicating liquor to one Harry Allen. From a judgment sentencing him to six months' imprisonment, he has appealed to this court; and the principal question before us is whether there was any evidence to support the conviction.

The facts in the case may be briefly stated. One Eagle, a United States commissioner, for the purpose of obtaining evidence against the defendant, gave $5 to Allen, with instruction to make a purchase of liquor from him. Before approaching defendant, Allen informed him through an attorney of the plan which was being laid to entrap him. Allen thereafter saw defendant, gave him the $5, and arranged that liquor was to be delivered to him on the road near Hinton, W. Va., by some unidentified third person. Defendant took the $5 and delivered it to the clerk of the circuit court of Summers county at Hinton, with request that it be given to the King's Daughters, a charitable organization. He then filled a fruit jar with spring water in the presence of witnesses, and, taking it and the witnesses in his automobile, went to the agreed point on the Hinton road. There his car was searched by officers, the fruit jar of water was found, and he was placed under arrest.

Upon these facts, we think it clear that the trial judge should have directed a verdict for defendant. In the first place, not only was there no delivery of liquor, but, according to the undisputed evidence, there was no intention on the part of the defendant to deliver any. It appears, without contradiction, that, although defendant accepted the $5 from Allen and stated that liquor would be delivered, he had already been apprised of the trap which was being laid for him and did not intend to deliver it, as Allen well knew. A sale involves a contract, a meeting of the minds of the parties; and where, as here, there was no real contract or agreement that liquor was to be sold, defendant would not be guilty of making a sale. Scoggins v. U. S. (C. C. A. 8th) 255 F. 825, 3 A. L. R. 1093.

In the second place, there was no delivery of liquor by the defendant or by any one acting in his behalf. The statute (27 USCA § 12) provides that, "no person shall manufacture, *sell*, barter, transport, import, ex-

port, deliver, furnish or possess any intoxicating liquor," etc., and the violation of the statute with which defendant is charged is selling. An executory contract to sell might, in a proper case, constitute a conspiracy to violate the act (see U. S. v. Katz, 271 U. S. 354, 46 S. Ct. 513, 70 L. Ed. 986); but there could not be a sale in violation thereof unless the sale were completed by delivery either actual or constructive, which is not present in this case. "The offense of illegally selling liquor is not committed by a bargain or executory contract for a sale. There must be a completed sale, which passes the property, consummated by the act of the parties as distinguished from the operation of law, and amounting to a vending and purchasing of the particular commodity." 33 C. J. 591; Filiatreau v. U. S. (C. C. A. 6th) 14 F.(2d) 659; State v. Davis, 62 W. Va. 500, 60 S. E. 584, 14 L. R. A. (N. S.) 1142; Commonwealth v. McDermott, 96 S. W. 475, 29 Ky. Law Rep. 752; White v. State, 47 Tex. Cr. R. 551, 85 S. W. 9; State v. Shields, 110 La. 547, 34 So. 673; People v. Perenchio, 181 Mich. 314, 318, 148 N. W. 205, L. R. A. 1915A, 901.

It is elementary that a sale involves a transfer of title, and that there can be no sale until a specific chattel has been ascertained and identified. Here there was no transfer of title to any intoxicating liquor and no liquor was ascertained or identified as the subject of sale. The most that can be said, even if the transaction between defendant and Allen be construed as a bona fide agreement on the part of defendant to deliver liquor to Allen, is that there was a mere executory contract to sell. This is not a sale. The distinction is pointed out in Mechem on Sales, par. 5, quoting Chalmers on Sales, as follows:

" 'By an agreement to sell,' it has been said, 'a jus in personam is created; by a sale a jus in rem is transferred. If an agreement to sell be broken, the buyer has only a personal remedy against the seller. The goods are still the property of the seller, and he can dispose of them as he likes. * * * But if there has been a sale, and the seller breaks his engagement to deliver the goods, the buyer has not only a personal remedy against him, but also the usual proprietary remedies against the goods themselves, such as an action for conversion and detinue.' "

The distinction is well stated by Prof. Williston in the second edition of Williston on Sales, par. 2, as follows:

"Whether a bargain between parties is a contract to sell or an actual sale depends upon whether the property in the goods is trans-

ferred. If it is transferred, there is a sale, an executed sale, even though the price be not paid. Conversely, though the price be paid, there is but a contract to sell (not very happily called an executory sale), if the property in the goods has not passed."

In Filiatreau v. U. S., supra, the Circuit Court of Appeals of the Sixth Circuit held that there was no sale within the prohibition of the statute where there was no delivery, even though the contract had been agreed upon and the whisky had been sent for and was ready to be delivered. Judge Hickenlooper, speaking for the court, said:

"In the present case the only natural inference is that, when Corbett was sent to procure the whiskey, neither party intended title to pass before he had returned and actual delivery had been made to the purchaser. Cf. Hatch v. Oil Co. [100 U. S. 124], supra, at page 132 (25 L. Ed. 554). No act was done by the informer from which his consent to an earlier appropriation to the contract and transfer of title may be inferred. Under the circumstances of the case we find that, while there was ample evidence of a contract to sell intoxicating liquor, there was a failure of proof of an executed sale, and that the motion for a directed verdict upon the second count should have been granted."

We are of opinion, therefore, that the learned District Judge erred in not directing a verdict for defendant. The judgment will accordingly be reversed, and the case remanded for a new trial.

Reversed.