MOHAWK LUMBER & SUPPLY CO. *v.* PETIX.

MECHANICS' LIENS—SUFFICIENCY OF SERVICE OF NOTICE—EQUALLY DIVIDED COURT.

> Dismissal of bill to foreclose mechanics' lien on ground of insufficiency of service on owners at place and in manner required by the lien statute, it appearing the premises were located in Oakland county and the defendant owners were served in Wayne county and that the premises were not posted, is affirmed by an equally divided court (CL 1948, § 570.6).

Appeal from Oakland; Hartrick (George B.), J. Submitted January 8, 1957. (Docket No. 9, Calendar No. 46,982.) Decided July 31, 1957. Rehearing denied October 7, 1957.

Bill by Mohawk Lumber & Supply Company, a Michigan corporation, against Samuel C. Petix, Agatha Petix and Bloomfield Homes, Inc., a Michigan corporation, defended by Anthony T. Lapenta, receiver, to foreclose mechanic's lien. Bill dismissed on motion during trial. Plaintiff appeals. Affirmed by an equally divided court.

*David M. Miro,* for plaintiff.

*Flynn & Ruskowski,* for defendant Anthony T. Lapenta, receiver of Bloomfield Homes, Inc.

*Goldsmith & Rosen,* for defendants Petix.

---

REFERENCES FOR POINTS IN HEADNOTES

3 Am Jur, Appeal and Error § 1160; 36 Am Jur, Mechanics' Liens § 259.

Voelker, J. (*for reversal*). The plaintiff filed its bill of complaint to foreclose a mechanics' lien against the Oakland county premises of the defendants Petix, for materials furnished the defendant contractor Bloomfield Homes, Inc., in building a house thereon. The bill was founded on 2 separate items and the plaintiff alleged in its sworn bill of complaint that it caused "to be served on the defendants, Samuel C. Petix and Agatha Petix, his wife, a true copy of each of said statements of account and lien in accordance with the law in such case made and provided."

In their sworn answer to this allegation the owner- defendants Petix admitted "receiving a true copy of said statements of account and lien" while the contractor-defendant, Bloomfield Homes, Inc., by its receiver, neither admitted nor denied the allegation. At the hearing the testimony disclosed that the defendants Petix were in fact served in Wayne county, where they resided, instead of in Oakland county, where the premises were located, whereupon the receiver for the contractor-defendant through counsel orally moved for dismissal of the bill of complaint on the sole ground of insufficieny of service on the owners at the place and in the manner required by the lien statute. After argument this motion to dismiss was granted by the trial court and this appeal resulted.

The following additional facts are necessary to set our situation in its proper perspective: After the bill was filed and served on the defendants Petix, but before they made answer thereto, they filed a motion to dismiss on grounds which need not concern us here more than to say that the question of proper service of the statement of account and lien was not there raised. This motion was duly heard and denied, whereupon the defendants Petix made answer as above noted. At no time prior to the hearing on

the merits did any of the defendants raise any question or make any affirmative defense regarding the subsequently claimed defective service on the defendants Petix.

The pertinent portion of the lien statute as to service of a copy of the statement of account provides that the lien claimant shall "within 10 days after the filing thereof, serve on the owner  *  *  * if he can be found within the county or in case of his absence from the county, on his agent having in charge of such premises, within the county wherein the property is situated, a copy of such statement or claim; but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting in some conspicuous place on said premises within 5 days after the same might have been served personally." (CL 1948, § 570.6 [Stat Ann 1953 Rev § 26.286].)

It is undenied that the plaintiff did not make service on the owner or his agent in Oakland county, or post the premises there, as provided by the statute, but it appeared that instead it personally served these defendants at their home in Wayne county, all of which was affirmatively shown by the proof of service on file in the office of the register of deeds for Oakland county. It was the claim of the plaintiff during the hearing on the motion to dismiss below (as it is here) that nevertheless it substantially complied with the lien statute, and further that the defendants were barred from claiming such a defense because it was not timely raised and also because the defendants Petix had admitted proper service in their answer.

The defendants contend that there was not substantial compliance with the lien statute; that the statute unequivocally provides a mandatory mode of service which must be followed in all particulars or the plaintiff must fail; that the lien statute being in

derogation of common law must be strictly construed, especially upon the question of whether the lien attaches; that where no lien attaches questions pertaining thereto may never be waived but may be raised at any time, the plaintiff always having the burden of proof to show compliance with the statutory requirements giving rise to the lien.

In support of their position the defendants cite a number of cases which seem to hold or say most if not all the ominous things they claim for them (in this field there seems to be support for any proposition one can possibly urge), and we might feel obliged to adopt their position and hold with them were it not for a case cited casually by the plaintiff for the first time on this appeal. That case is *Bolhuis Lumber & Manfg. Co.* v. *Van Tubergen*, 250 Mich 686, and one which we believe must be controlling on the disposition of this case. We may add that the plaintiff does little more than cite the *Bolhuis Case* in his brief, making little if any analysis of it, whereas the defendants, not unlike the proverbial ostrich, do not so much as cite the case let alone attempt to refute it. In fairness to the trial court we should add that the record shows that the *Bolhuis Case* was not called to its attention nor was it apparently known to counsel during the oral argument on the motion to dismiss below. So we now proceed to take a deep breath and dissect that case.

In that case the verified bill alleged service upon the defendant owners within the county of situs, Allegan. The owner defendants made no answer and in due course were defaulted. There the trustee in bankruptcy for the contractor in his answer neither admitted nor denied proper service, as did the receiver here. At the hearing one of the defaulted owner-defendants, John Van Tubergen, appeared and testified under oath that the service of

the statement and claim of lien was in fact made upon him in the neighboring county of Ottawa. In both cases it was the contractor defendant who initially sought to avail himself of the claimed insufficiency of service on the owners.

We recognize some differences in the facts in that case and ours. There the bill of complaint specifically alleged that service was made in the county of situs while the bill in our case generally alleges that it was made "in accordance with law." There the proof of service filed with the register of deeds on its face showed service within the county of situs whereas in our case it shows on its face that it was not. We do not think these differences are controlling. There the owner-defendants Van Tubergen presumably must have known at all times in which county they were served, as did the owner-defendants Petix in our case, while in our case (unlike in that case) the receiver for the defendant contractor before it made answer had public access to knowledge as to the true place of service. We refer to the return on file in the office of the register of deeds. Here no one was possibly deceived, whereas there the contractor would have learned nothing by consulting the return. If the sufficiency of service cannot thus be put in issue in a case where the owner makes no answer at all and the contractor-defendant neither admits nor denies, we would say that our case is all the stronger where, as here, the owner-defendant in his answer admits proper service and the contractor still merely neither admits nor denies.

It may be urged that in the *Bolhuis Case* the lien claimant was surprised by the sudden claim at the hearing that his service on the owners was defective whereas here he could scarcely have been surprised inasmuch as at all times he possessed equal knowledge that service was made out of the county of situs. We do not believe that the knowledge possessed by

the lien claimant on this score is controlling; the defendants were placed in no different position because of that knowledge; and we are aware that there are many areas in the law where crucial defensive matter must nevertheless be affirmatively and timely pleaded although the opposite party may possess full knowledge of that defensive matter, the defenses of payment, release, estoppel, statute of limitations and statute of frauds being a few that readily occur to us. In other words the decision in the *Bolhuis Case,* in effect, appears to make the defense there and here sought to be raised an affirmative one.

We are not impressed that in the one case the return of service showed on its face "proper" service whereas here it affirmatively showed that there was not; and the possible companion argument that in our case the lien could thereby never have properly attached. Is what appears on the face of the return of service the act of magic that attaches the lien? And this regardless of the facts? Let us suppose—as could well be the case, for all the report shows—that in the *Bolhuis Case* the service was *in fact* made in the "wrong" county, despite what the return showed on its face. That is precisely what the defense sought to prove and supported by the testimony of one of the owners in the *Bolhuis Case.* Yet it was held to be too late. It must necessarily have there been held that the lien must have attached despite the actual place of service.

Put another way, if the lien may nevertheless be deemed to attach if the defense does not timely plead defective service in cases where the return is valid on its face (the *Bolhuis Case*) we are unable to penetrate the logic of reaching a different result in our case. Surely if in fact the service in that case was in the "wrong" county, regardless of what the return said, and the lien could in effect nevertheless be held to attach, then in all logic the result should

be no different in our case of service in the "wrong" county, likewise regardless of what the return said. The point we seek to make is that if the *Bolhuis Case* is sound law, then the attachment of the lien cannot ever be said to depend merely on what the return of service says.

Put still another way, if the necessary implications of the decision in the *Bolhuis Case* are sound, then contrary to the claim of the defendants there and here, neither the mode of service or the face of the return is under all circumstances controlling on the question of the attachment of the lien, else logically the question could be raised at any time. At the very least the *Bolhuis Case* seems necessarily to hold that neither the question of attachment of lien nor sufficiency of service may be made a triable issue unless they are timely raised.

In both cases there was an allegation in the bill of valid service; in the *Bolhuis Case* the allegation might have been false; at any rate one of the defendants sought to question it and was held to have raised the question too late. In our case the general allegation was made of valid service which in their answer the owner-defendants in effect admitted (although they were peculiarly in a position to know in which county they were served). If the contractor-defendant must be foreclosed from raising the defense in the *Bolhuis Case* (where had he consulted the return of service in the office of the register of deeds he would still have found no clue that it was defective) we believe that he must all the more be foreclosed here where the claimed "defect" was plain on the face of the return. If positive sworn testimony at the hearing by one of the owners in the *Bolhuis Case* that he was served in the "wrong" county was not there treated as raising a jurisdictional issue fatal to the attachment of the lien, we do not

think such a showing at the time it was made here should likewise be so regarded.

To our mind our decision is not weakened when we note that the mechanics' lien law itself (CL 1948, § 570.10 [Stat Ann 1953 Rev § 26.290]) provides that "all bills sworn to shall be evidence of the matters therein charged, unless denied by answer under oath" and, as to the defendants Petix, that Michigan Court Rule No 27, § 6 (1945), provides:

"A motion attacking a pleading or any part thereof must be filed and served within 15 days after the receipt of the pleading attacked. Such motion shall include all objections to the pleading attacked and to the proceedings up to that date in the case. And all objections to pleadings or proceedings not stated in the motion shall be deemed waived."

On the first point Mr. Justice Wiest had this to say at page 689 of the *Bolhuis Case*:

"The sworn bill alleged proper service of the statement of lien. The answer of Moore, trustee, did not deny the alleged service or make the same a triable issue. It was not enough for defendant Moore, by answer, to neither admit nor deny the service alleged and leave plaintiff to its proof, for the statute requires such an issue to be raised, if at all, by denial under oath."

While we confess we are a little at a loss to determine just how the clairvoyant trustee in the *Bolhuis Case* could have been expected to divine that service on the owners was not made in the proper county (since the return of service there was valid on its face), that question fortunately does not arise to plague us here, thus in our opinion making our situation even weaker for the complaining contractor-defendant than it was in the *Bolhuis Case*.

As for the defendants Petix, it is also our understanding that personal service is always better than

any form of substituted service, and we find we are unable to generate excessive sympathy or concern for litigants who have actual knowledge of a claim and personal service made upon them, and who now demand strict construction, especially when they nourish their knowledge and lie back and do not raise any question until a hearing on the merits. They had at least 2 cracks at raising the question of service before the hearing (in their motion to dismiss and later in their answer) and yet they did nothing. The very thing that happened in this case perhaps shows the practical wisdom behind the decision in the *Bolhuis Case,* and all of the parties here might have been saved the delay and expense of this appeal had the defendants not slept on such rights and defenses as they may have had available to them. Nor might a harried and busy trial judge have understandably been caught off guard and led astray if the matter had been timely presented in the manner it should.

This is not to say that lien claimants may henceforth with impunity ignore the lien statute as to mode or place of service. They may not. What we do say and hold is that, under the authority of the *Bolhuis Case* and under the circumstances of this case, none of the defendants may now raise the question of the attachment of the lien or the validity of service on the owners. We further hold that the sufficiency of service is no longer a triable issue in this case.

If this case may be said to possess any moral it may be this: that our statutes and rules designed to simplify pleadings were never designed to banish them; that the need for careful, intelligent and *timely* pleading remains undiminished; and finally that, contrary to the misguided notion apparently prevailing in some professional quarters, cases may still be won or lost on the pleadings alone. Let the profession take heed.

The decision below should be accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion. Costs to appellant.

ADDENDUM TO OPINION

Mr. Justice SHARPE writes in effect that the defendants did timely plead improper service in their motion to dismiss, and that in any case failure to follow the letter of the statute as to service is jurisdictionally fatal and may be raised at any stage of the proceedings. In other words my associate says that the defendants did raise the question of proper service but anyway it doesn't matter.

We repeat that in our view none of the defendants either by motion or answer or any other pleading adequately raised the question of proper service prior to the hearing on the merits. The contrary view expressed by my associate evidently stems from the already noted motion to dismiss filed by the owner-defendants Petix prior to filing their answer in which they admitted proper service.

The record shows that this motion was confined to but a portion of the lien claim; it is not a motion to dismiss the bill of complaint for improper service but is entitled "Motion to dismiss exhibit B of plaintiff's bill of complaint;" it carefully recites that appearance is made "for the sole purpose of making this motion to dismiss exhibit B of plaintiff's bill of complaint;" and it concludes with the restricted prayer that an order be entered dismissing exhibit B.

In our view this was clearly not a motion "made to dismiss plaintiff's cause of action for the reason that personal service was not made upon defendants in Oakland County," as my associate would mistakenly construe it; it was not so urged below by any of the parties or so treated by the trial court; no appeal was taken from the denial of this motion nor is any cross appeal, delayed or otherwise, sought

to be made here from such denial; instead these same defendants, after denial, proceeded to file their answer admitting proper service; and nowhere in any of the briefs of any of the parties to this appeal does anyone argue or so much as hint that this motion to dismiss then constituted or should now be construed as an adequate and timely raising of the question of proper service.   Only Mr. Justice SHARPE alone makes this belated and strained construction of the motion to dismiss.

My associate pursues his syllogism and next asserts that failure of proper service according to the letter of the statute in mechanics' lien cases is always jurisdictional.   He then goes on to assert that courts may on their own motion raise jurisdictional questions at any stage of the proceedings even though the question is not raised by the pleadings or by counsel.   In support of this latter proposition he cites many cases, cases *ad nauseum,* we are inundated by cases, and we find our thoughts turning involuntarily to those poor unsung souls who must compile our citators.

We do not quarrel with the last half of our associate's assertion; that is so patent and elementary a legal proposition that even we grasp it, however dimly; but we do say that in our view our associate begs the very question at issue when he says that failure to follow the letter of the statute as to service in mechanics' lien cases is in every case jurisdictional and fatal.   Furthermore we think he is wrong.   We grant that such a mechanistic and perfection-or-perish point of view may make for easy decisions—provided only that one is prepared to shut his eyes to whether those decisions are fair or just.

It is our understanding that the purpose of all process is to give litigants an opportunity to appear and be heard and have their day in court.   Those rights were preserved here.   In mechanics' lien cases,

in addition, one of the main purposes of serving the owner-defendants at all is to make sure that they do not inadvertently pay the contractor. That too was accomplished here. We further say that when these purposes are accomplished, and our courts nevertheless still insist úpon following the letter of the law, then the law has degenerated into meaningless litany and become instead a form of legal automation. Blind worship of form has then replaced substance.

Earlier in our opinion we rather ruefully stated that one could apparently find authority for almost any proposition one cared to urge in the tangled jungle of mechanics' lien law. We thank our associate for his unwitting help in demonstrating the truth of this wry proposition, for next he proceeds to hang his decision on the language of a venerable Michigan case that indeed says—there is no doubt about it— that the statutory mode of service in mechanics' lien cases must in every instance be "followed out the window," so to speak, or the lien fails.

Yet—and perhaps to further demonstrate the validity of our proposition— we find that in the still more venerable case of *Mouat* v. *Fisher* (1895), 104 Mich 262, no attempt whatever was made to follow the statutory mode of service, yet the lien was held to attach. There the owner defendant simply signed and handed the plaintiff a paper stating: "I accept service of a copy of this notice on me in lieu of posting the same on my building, within described, or other notice under the statute."

In answer to the defendant's claim that the service had to follow the statute or no lien could attach our Court there said: "After the defendant has thus accepted service in lieu of the statutory service, we think he should not be heard to complain that the statutory steps were not taken, which were still open to the complainant to take. *To permit such an ob-*

*jection to prevail would be inequitable, and the defendant should be held estopped from raising such a question."* (Emphasis added.)

There was no talk there of jurisdictional goblins, although there the question of proper service was apparently before the circuit court and our Court at every stage of the proceedings. We cannot resist adding that if supposed jurisdictional questions growing out of the mode of service can be raised by our courts merely when one of its judges feels like it, or otherwise ignored at his pleasure, then we fear that the state of the law in the realm of mechanics' liens is even more chaotic than we dreamed. If claimed failure to follow the precise mode of service was not jurisdictional in the *Bolhuis Case* or in the *Fisher Case,* why does it suddenly loom forward and become sinister and fatal to jurisdiction in this case? In the *Bolhuis Case* the owner-defendant appeared and swore on oath that he was served in the wrong county, yet the lien attached. In the *Fisher Case* the statutory mode of service was not followed at all— there was not any pretense of following it—and yet the lien attached.

To paraphrase *Fisher* in our case: "after the defendant has in his answer admitted proper service and gone to hearing on the merits we think he should not be heard to complain that the statutory steps were not taken. To permit such an objection to prevail would be inequitable, and the defendant should be held estopped from raising such a question."

We have already noted that the defendants here attempt to slay the *Bolhuis Case* by a vast pall of silence. Since we have in the meantime been at considerable pains to try to demonstrate how and why we think the *Bolhuis Case* does apply, we are moderately dismayed to observe that our esteemed associate now seeks to join the defendants in this enterprise of silence. He cites many cases but he does

not cite *Bolhuis*. We would have hoped that if this Court is about to kill *Bolhuis* we should at least do it the honor to formally declare it dead and give it a decent burial, however brief the obituary; not let it sink into nameless oblivion in an unmarked grave.

SMITH, EDWARDS, and BLACK, JJ., concurred with VOELKER, J.

SHARPE, J. (*for affirmance*). I am not in accord with the result attained in the opinion of Mr. Justice VOELKER for reasons hereinafter stated.

It is conceded that no personal service was made upon the defendants in Oakland county where the property is located. The statute provides:

"Every person filing such statement or account as provided in the preceding section, except those persons contracting or dealing directly with the owner, part owner or lessee of such premises, shall within 10 days after the filing thereof, serve on the owner, part owner or lessee of such premises, if he can be found within the county or in case of his absence from the county, on his agent having in charge of such premises, within the county wherein the property is situated, a copy of such statement or claim; but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting in some conspicuous place on said premises within 5 days after the same might have been served personally, could the principal or agent, as aforesaid, have been found. Proof of such service and the date and manner thereof shall be made by the affidavit of such person serving or posting the same, which proof of such service shall be filed in the office of the register of deeds of [for] such county before any subsequent proceedings shall be taken for the enforcement of such lien." (CL 1948, § 570.6 [Stat Ann 1953 Rev § 26.286].)

The statute itself clearly and unequivocally recites:

"but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting in some conspicuous place on said premises within 5 days after the same might have been served personally, could the principal or agent, as aforesaid, have been found."

I am of the opinion that it is a prerequisite before a lien can attach that plaintiff must comply with the statutory requirements to give it a right to a lien. Plaintiff has the burden of proof to establish compliance with statutory requirements to give it a right to a lien. See *Roberts* v. *Miller,* 32 Mich 289.

In *Smalley* v. *Terra-Cotta Co.,* 113 Mich 141, it was said:

"Mechanics' liens are in derogation of the common law, depending for their existence wholly upon the statute, and therefore, upon the question whether a lien attaches at all, a strict construction of the statute is proper; but, after the lien has once attached, a liberal construction should be put upon the statute, for the purpose of fulfilling its objects." (Syllabus 1.)

Plaintiff urges that defendants were not privileged to raise the defense of improper service because of their failure to plead such defense. It also appears that during the trial of the cause a motion was made to dismiss plaintiff's cause of action for the reason that personal service was not made upon defendants in Oakland county.

In *Hannah & Lay Mercantile Company* v. *Mosser,* 105 Mich 18, we had occasion to discuss this question in a lien case. We there said (p 30):

"The point now raised is whether the service upon the owner must be made within the county. We think

that this section fully settles the question that the service, if made upon the owner, must be made within the county. If the owner can be found within the county, notice must be served upon such owner. The section negatives the idea of service anywhere else upon the owner. No other service upon the owner is recognized. If not served upon the owner within the county, then service may be made upon the agent within the county having charge of the property; and, if no service can be made upon either within the county, then by posting upon the building. These are the specified modes of service, and the general rule is that, where a specified mode of service is pointed out, that mode must be followed. This claim must therefore fail for want of proper service of notice, and the cross bill must be dismissed, with costs of the court below to defendant railway company."

If proper service was not made, the court would lack jurisdiction to proceed with the cause. It appears that the question now before us is the right of defendants to raise this question for the first time during the trial of the cause.

In *In re Estate of Fraser*, 288 Mich 392, we had occasion to express our views on the power and authority of the court to raise the question of jurisdiction on its own motion. We there said (p 394):

"Courts are bound to take notice of the limits of their authority, and a court may, and should, on its own motion, though the question is not raised by the pleadings or by counsel, recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding. 15 CJ, p 852; *Bradley* v. *Board of State Canvassers*, 154 Mich 274; *J. F. Hartz Co.* v. *Lukaszcewski*, 200 Mich 230; *Bolton* v. *Cummings*, 200 Mich 234; *Ideal Furnace Co.* v. *International Molders' Union of North America*, 204 Mich 311; *Warner* v. *Noble*, 286 Mich 654. Jurisdiction cannot rest upon waiver or consent. *Allen* v.

*Carpenter,* 15 Mich 25; *Kirkwood* v. *Hoxie,* 95 Mich 62 (35 Am St Rep 549); *Hull* v. *Hull,* 149 Mich 500; *Maslen* v. *Anderson,* 163 Mich 477; *People* v. *Meloche,* 186 Mich 536; *Carpenter* v. *Dennison,* 208 Mich 441; *Walsh* v. *Kent Circuit Judge,* 225 *Mich* 51; *Shane* v. *Himelstein,* 227 Mich 465; 17 Am & Eng Encyc Law (2d ed), p 1060; *Morris* v. *Gilmer,* 129 US 315 (9 S Ct 289, 32 L ed 690); *Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 US 379 (4 S Ct 510, 28 L ed 462)."

By virtue of the above authority the decree of the trial court is affirmed, with costs.

DETHMERS, C. J., and KELLY, and CARR, JJ., concurred with SHARPE, J.