RASMUSSEN v BOLYARD LUMBER COMPANY

1. MECHANICS' LIENS—NOTICE—PURPOSE.

   The purpose of the notice requirement in the act dealing with mechanics' liens is to allow the owner an opportunity to withhold payment from his prime contractor for the protection of the lien claimant from the consequences of inadvertent payment to the impecunious contractor (MCLA 570.6).

2. MECHANICS' LIENS—NOTICE—EXCEPTIONS.

   The exception to the notice requirement in the act dealing with mechanics' liens stems from knowledge in fact of the existence of such claims derived either from contractual liability between owner and lien claimant, or from direct dealings between them sufficient to give the owner the same knowledge of the existence of the claim or notice of facts that would put a prudent man on inquiry; the existence of facts showing direct dealing and their sufficiency to fall within the statutory exception will depend upon the circumstances of a particular case (MCLA 570.6).

3. MECHANICS' LIENS—DIRECT DEALING—FACTS.

   Assertions in an affidavit by a materialman claiming a mechanic's lien, if true, were sufficient to show direct dealing between the owner and the materialman, thus obviating the requirement of personal service of notice on the owner, where the affidavit alleged that the owner-husband, on introducing his contractor to materialman's vice-president, promised personal responsibility for material charges, and further promised to see that the materialman received payment for materials directly from his mortgage company; that the owner-wife contracted the materialman advising of the shaky financial condition of their contractor, seeking assurance that they would not be billed for any material sold to their contractor except such as went into their home, and affirming their responsibility for such materials; that the husband acknowledged his wife's call and affirmed

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur 2d, Mechanics' Lien § 179 *et seq.*
[3] 53 Am Jur 2d, Mechanics' Liens § 341.

their responsibility for such materials; and that the owners discussed with the materialman their contractor's financial condition and proposed to pay some money on account at that time and the balance at a later date (MCLA 570.6).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 February 12, 1973, in Lansing. (Docket No. 14702.) Decided February 26, 1973.

Complaint by Leif Rasmussen and Ruth J. Rasmussen against Bolyard Lumber Company to have a mechanic's lien held invalid. Summary judgment for plaintiffs. Defendant appeals. Reversed.

*Carl Robert Ruebelman,* for plaintiffs.

*John Katsoulos,* for defendant.

Before: McGREGOR, P. J., and QUINN and PETERSON,* JJ.

PER CURIAM. Plaintiffs selected a contractor for the construction of a residence on their land in Oakland County and introduced the contractor to defendant supplier with whom they had had earlier discussions as to estimated material needs and costs. The contractor did deal with defendant in purchasing materials for construction of the house but did not fully pay defendant therefor.

Notice of intent to claim mechanic's lien was timely served on plaintiffs[1] and a statement of lien in proper form was timely recorded.[2] The sole question as to the effectiveness of defendant's attempt to obtain a valid mechanic's lien under MCLA 570.1 *et seq.;* MSA 26.281 *et seq.,*[3] as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 570.1; MSA 26.281.

[2] MCLA 570.5; MSA 26.285.

[3] 1891 PA 179, as amended.

amended, arises from the service of the statement of lien on plaintiff-owners by certified mail rather than by personal service.

MCLA 570.6; MSA 26.286 provides:

"Every person recording such statement or account as provided in the preceding section, except those persons contracting or dealing directly with the owner, part owner or lessee of such premises, shall within 10 days after the recording thereof, serve on the owner, part owner or lessee of such premises, if he can be found within the county or in case of his absence from the county, on his agent having charge of such premises, within the county wherein the property is situated, a copy of such statement or claim; * * * ."

Plaintiff-owners sued to have the claimed lien held invalid because of the lack of the allegedly necessary personal service of the statement of lien. Defendant contended that it had been "dealing directly" with plaintiffs, as within the exception to MCLA 570.6 and that personal service of the statement of lien was thus not required. Both parties moved for summary judgment, with supporting affidavits as to the facts of their relationship.

The defendant by affidavit alleged that plaintiff husband, on introducing his contractor to defendant's vice-president promised personal responsibility for material charges, and further promised to see that defendant received payment for materials directly from his mortgage company; that plaintiff wife contacted defendant advising of the shaky financial condition of their contractor, seeking assurance that they would not be billed for any material sold to their contractor except such as went into their home and affirming their responsibility for such materials; that plaintiff husband acknowledged his wife's call and affirmed their

responsibility for such materials; that plaintiffs discussed with defendant their contractor's financial condition and proposed to pay $12,000 on account with defendant at that time and a remaining balance of $888.50 at a later date. Notwithstanding these claims, the trial judge concluded that there were no "direct dealings" between plaintiff-owners and defendant-materialman and granted summary judgment for plaintiffs. In this he erred.

The purpose of the notice requirement of MCLA 570.6 is to allow the owner an opportunity to withhold payment from his prime contractor for the protection of the lien claimant from the consequences of inadvertent payment to the impecunious contractor *Mohawk Lumber & Supply Co v Petix,* 349 Mich 323, 333–334 (1957). The exception to the requirement stems from knowledge in fact of the existence of such claims derived either from contractual liability between owner and lien claimant, or from direct dealings between them sufficient to give the owner the same knowledge of the existence of the claim or notice of facts that would put a prudent man on inquiry.

The existence of facts showing direct dealing and their sufficiency to fall within the statutory exception will depend upon the circumstances of a particular case. In *Beck v Delta Recreation Corp,* 2 Mich App 518 (1966), summary judgment was affirmed by a finding that the contacts there alleged did not, *as a matter of law,* amount to "direct dealing" within the meaning of the statutory exception. We hold as a matter of law that the affidavit-proffered facts asserted by defendant in this case would constitute direct dealing, if true. These facts and contrary facts asserted in affidavit by plaintiffs presented a factual issue to be re-

solved by trial and not by summary adjudication on motion.

Reversed.